Beck, J.
The several grounds of plaintiff’s objections to the ruling of the district court will be considered in the order in which they appear in his brief.
*239 i practice • wa?verrof :ruiingon. I. Upon the trial plaintiff offered to prove that the contract under which a part of the donations were obtained by was ora^ ^rom ^7; 1866, until the date written contract upon which the action ig brought. To this evidence defendant objected, because the petition was based upon a written contract, and no evidence could be received to support a claim founded upon an oral contract, and because such evidence would tend to vary the written instrument sued upon. The objection was sustained by the court, and plaintiff excepted to the ruling, but, in accordance therewith, amended his petition by adding a count upon the oral contract.
If it be admitted that this ruling of the court is error, the plaintiff’s action in amending his petition waived it. He cannot be permitted to submit his cause for trial and afterward raise objections to rulings which he has assented to by conforming his pleadings thereto. It is analogous to the case of a petition amended upon demurrer. After pleading over, no objection can be raised to the ruling upon the demurrer. Had plaintiff refused to amend his petition and stood upon his exception to the exclusion of the evidence, the ruling of court could have been reviewed here. The plaintiff’s view, as presented upon the argument, is, that the oral contract was merged in the written instrument, and that, in fact, there is but the one contract, the written one; that, by the theory of the district court, there were two contracts, which is erroneous. But the plaintiff, by his amended petition, adopts the same theory, and he must now abide by it.
2. contract: meñ?:Pconstruction of. II. The plaintiff offered evidence to prove that he could and would have procured, under said agreement, large amounts of donations, had not plaintiff prevented it by interference and by repudiating £pe which latter fact was established by the evidence. This evidence was offered in proof of plaintiff’s damages, but was excluded by the court on the *240 ground “ that plaintiff was not bound to procure any particular amount of subscription, and that the defendant had a right to so far revoke the power under which plaintiff acted as to prevent plaintiff recovering any thing as profits for or on account of any subscription which had not been actually made at the time of the revocation or breach, and on the ground that the damages sought to be obtained are too remote and uncertain.” Under this ruling plaintiff was precluded from showing the profits which he could have made if his authority had not been revoked.
It becomes necessary to examine the character and the effect of the instrument which is the foundation of the suit. It does not specify the amount of donations which plaintiff is authorized to obtain, nor where, nor within what time, they shall be obtained. It simply empowers plaintiff to obtain donations and fixes the compensation he shall receive for donations to be obtained by him. By the terms of the instrument the donations, as to the amount and time and place of obtaining them, are not withdrawn from the control of defendants. It is clearly designed to confer authority to obtain donations, and to fix the compensation to be paid plaintiff, and nothing more. It is in the nature of an employment, indefinite as to time and extent of service, but certain as to compensation. We can regard the relation between the defendant and plaintiff, created by the instrument, in no other light than that of principal and agent. ' It is a familiar principle of the law that an agency is revocable at the will of the principal, unless the power conferred upon the agent be given for a valuable consideration, or as a security, or is coupled with an interest. It is not claimed that the authority conferred upon the plaintiff was based upon a consideration, or was given as a security. Is it a power coupled with an interest? What was the interest of plaintiff? It was to receive a certain compensation in value and kind of the donations he should receive for defendant. His intei’est existed in that which should be *241 produced by the exercise of the power conferred upon him. Now it is plain that the thing in which he had, or rather was to have, an interest could not exist until the power was exercised. The exercise of the power was necessary to bring the thing in which he was to have an interest into existence. In each instance, where a donation was given, the power was exhausted when the donation was received. Hence, the power and the interest were not united. The interest, coupled with a power, which gives it an irrevocable character, must- be in the thing upon which the power is exercised, and not in that which may he produced by the exercise of the power. Before the exercise of the power conferred by the instrument in question, nothing did or could exist in which plaintiff had an interest. He had a right to a part of the donations which he should procure. He had no interest in a thing, but a right to a thing when it should be created. His power, therefore, was not coupled with an interest, and was revocable at the will of defendants. Hunt v. Rousmanius, adm'r, 8 Wheat. 174.
The view taken by the district court of the agreement, to the effect that it is revocable, and that plaintiff cannot recover damage for compensation he might have earned under the contract, if he had been permitted by defendants to continue to obtain donations, is, in om opinion, correct.
This construction of the contract is in accord with the extraneous facts and circumstances developed by the evidence, and proper to be considered in arriving at its true meaning. It is not important that we should refer to them; as we are satisfied - to rest the construction upon the instrument itself.
z receipt • evidence. III. A receipt, executed by plaintiff, Oct. 11, 1866, admitting a settlement and payment, up to that date, on account of all services rendered by plaintiff for defendant, was offered in evidence. To its admission plaintiff objected. We think the paper was prop *242 erly admitted in evidence. Plaintiff claimed, under liis amended petition, for donations obtained, before tbe date of tbe receipt, under an oral contract. Defendant claimed that this receipt is evidence of payment for all services, including compensation for donations obtained, rendered before its date. It is capable of explanation, and there was evidence introduced by plaintiff tending to show that it was not intended to cover the amount due plaintiff, or any-part thereof, on. account of his services in obtaining donations. But this was a question of fact for the jury and was properly submitted to them to be determined upon the receipt and other evidence.
i. practice: instructions, IY. Several instructions given at the request of defendant, and modifications of plaintiff’s instructions, were excepted to and are made the foundation of errors assigned in this court. The instructions are in harmony with the principles above stated, so far as they touch the same points; those upon other points are not objectionable as rules of law. Specific objections are not made in plaintiff’s argument against any of these instructions, other than those above noticed, which are applicable thereto; We are not, therefore, required to notice them further.
Y. A motion in arrest of judgment and for a new trial, on the grounds that the verdict was contrary to the law and evidence, the exclusion of certain evidence, and for error in instructing the jury, was overruled. Upon this l’uling a general assignment of error is based. It is sufficient to say that we have not before us all the evidence, and cannot therefore pass upon the objection to the verdict based upon the ground that it is not supported by the evidence. The ruling of the court upon the evidence alleged to have been erroneously excluded in the motion for a new trial is not shown by the record, and is not relied upon as a ground of error in plaintiff’s argument. This objection cannot, therefore, be considered. As above *243 stated, the instructions are either unobjectionable or are not complained of in plaintiff’s brief. No further notice need be taken of the error assigned upon the ruling of the court in refusing to set aside the verdict.
It is our conclusion that the judgment of the district court must be
Affirmed.