## PHILIPS v. HOSFORD.

*Appeal from Clinton Circuit Court — Monday, December 11.*

### PLEADING — WAIVER.

ACTION AT LAW. The original petition alleges that plaintiff sold to defendant certain real estate and received in payment therefor stock to the amount of $2,500 in a corporation ; that defendant was a large stockholder and president of the corporation, and for that reason was fully acquainted with its condition and the value of its stock, and that plaintiff had no means of knowledge upon the subject ; that plaintiff, knowing defendant's means of knowledge, relied upon his representations ; that defendant, to induce plaintiff to take the stock, falsely and fraudulently represented to plaintiff that he considered the stock perfectly good, and that he had reason to believe and did believe the stock would be worth par in a short time, etc.; that by reason of these false and fraudulent representations plaintiff was induced to take the stock, and that defendant knew, at the time, the stock was nearly worthless. After an answer to this petition plaintiff filed an amended petition as a second and further count which substantially alleges the relation as above set out, of defendant to the corporation, the want of knowledge of plaintiff as to the condition of the corporation, and the value of the stock, the reliance of plaintiff upon the representations made by defendant of its value as above stated, and other matters, substantially to the effect of the original petition, except no averments of fraud on the part of defendant are made, nor is it charged that the representations of defendant were known by him to be false and were made with the intent to deceive plaintiff.

A demurrer to this amendment which was made a second count of the petition, on the ground that it contained no averment of fraud and misrepresentation, made with the knowledge of defendant and with the intent to deceive plaintiff, was sustained and exceptions thereto were taken by plaintiff. Thereupon plaintiff filed another amendment to his petition, averring defendant's knowledge of the condition of the corporation and his suppression of such facts as were known to him, for the fraudulent purpose of inducing plaintiff to take the stock.

After answer putting in issue the averments of plaintiff's petition and amendments thereto, a verdict was had for defendant and judgment rendered thereon. Defendant appeals.

*Walter I. Hayes* and *J. M. Wilcox* for the appellant — *Chase & Munroe* for the appellee.

BECK, Ch. J. — The only objection presented for our consideration is based upon the ruling of the court in sustaining defendant's demurrer to the second count, or first amendment to the plaintiff's petition. After decision upon the demurrer, the pleading assailed was amended, and thus, in its, averments, made to conform to the ruling of the court. Thereupon issue was taken upon the petition, as it stood after the two amendments, and a trial had resulting in a verdict and judgment for defendant.

It has been repeatedly held by this court that objections to the ruling upon a demurrer is waived by pleading over in conformity to the judgment of the court upon the question presented by the demurrer. The rule is applicable to the case where the demurrer is sustained as well as when it is overruled. *Smith* v. *Cedar Falls & M. R. R. Co.,* 30 Iowa, 244 ; *Byington* v. *Oaks,* 32 id. 487 ; *Eubank* v. *Whittaker,* 11 id. 197 ; *County of Mahaska* v. *Ingalls et al.,* 14 id. 170 ; *State* v. *Klingman,* id. 404 ; *Franklin* v. *Twogood,* 18 id. 515 ; see also *Fisher* v. *Scholte,* 30 id. 221 ; *Crawford* v. *Wolfe, Carpenter & Co.,* 29 id. 568 ; *Rea* v. *Flathers,* 31 id. 545 ; and for other cases supporting the rule see Dillon's Digest, p. 650, § 95 ; Hammond's Digest, p. 362, § 29 ; Lacy's Digest, p. 197, § 43.

We are not therefore required to pass upon the ruling of the court, objected to by defendant, as by the amendment to his petition, so as to cure the alleged defects pointed out by the demurrer ; he has waived the error, if any there was, in the judgment complained of.

The judgment of the circuit court is

Affirmed.