The City of Muscatine v. The Keokuk Northern Line Packet Company.

1. **Practice**: PLEADING OVER: WAIVER. Pleading over, after a ruling upon a demurrer, constitutes a waiver of the right of appeal from the ruling.

*Appeal from Muscatine Circuit Court.*

MONDAY, DECEMBER 10.

THE petition in this case claims of defendant $554 for wharfage fees due to the plaintiff by virtue of an ordinance of the city. It is averred that the defendant was the owner

of a number of steamboats which landed at the·wharf of plaintiff, and that by section four of said ordinance the defendant became liable to pay plaintiff the sum of five dollars for each landing. Sections one, four and five, of said ordinance were set out in the petition.

The defendant demurred to the petition. The demurrer was sustained. Plaintiff appeals.

*Thos. Hanna*, for appellant.

*James H. Davidson* and *D. C. Cloud*, for appellee.

ROTHROCK, J. There is a disagreement in the abstracts as to the condition of the record in the court below, which has

1. PRACTICE: pleading over: waiver. caused us no little perplexity. It is claimed by appellee that the plaintiff waived its right to appeal from the ruling on the demurrer, because after said ruling was made it pleaded over by amending its petition. Appellant contends that when the ruling was made the petition contained two counts, the first claiming a right to recover under the ordinance, and the second to recover for the reasonable value of the use of the wharf, independent of the ordinance; and that the demurrer was directed to the first count only.

In order to aid us in a just determination of the question we ordered the petition and demurrer to be sent up in their original form for inspection, and also a copy of the record entry so far as it related to the ruling on the demurrer. An inspection of the petition shows the two counts as claimed by appellant. The original petition was filed February 29, 1876. The demurrer was filed June 6, 1876. The second count of the petition was filed June 7, 1876, as appears by the indorsement of the clerk. When the demurrer was filed the petition contained but one cause of action, and that was upon the ordinance. It is true it was averred that the amount demanded was a reasonable compensation for the use of the wharf, but this was not set out as a separate cause of action, and could only be held as an averment that the amount fixed by the ordinance was reasonable.

The record entry of the court so far as it relates to this

question is as follows: "And this cause coming on for hearing on the demurrer of defendant to that part of plaintiff's petition claiming a right to recover wharfage under the fourth clause of plaintiff's ordinance; after argument of counsel the court sustained said demurrer so far as it relates to the fourth section of said ordinance, and said section is held to be in conflict with the constitution, laws and ordinances of the United States, to which ruling plaintiff then and there excepted in proper manner. *And plaintiff, by permission of the court, amends its petition.*" These proceedings were had June 7, 1876.

The demurrer appears to have been changed by interlineation, and counsel for plaintiff claims that it was at first general, and afterward, by interlining, made to apply to the fourth section of the ordinance only, and that at the same time the second count was added to the petition. We must determine the question by the record, and by that alone. A resort to other sources of information would, in cases like this, lead to very great uncertainty and confusion.

Our conclusion is that the record shows the plaintiff commenced its action upon the ordinance. Upon demurrer the court held that there could be no recovery upon the ordinance. The plaintiff then added the second count by way of amendment, placing its right to recover upon another ground. Upon this second count or amendment the trial was had.

If we are correct in this the right to an appeal from the ruling on the demurrer was waived. Pleading over after a ruling upon a demurrer has been so repeatedly held by this court to be a waiver that we need not cite the cases announcing the rule.

AFFIRMED.