## BROWN v. McMAHON.

**Appeal: RIGHT TO : PLEADING AFTER DEMURRER.** It appearing by the record in this case that plaintiff amended her petition after a demurrer thereto was sustained, *held* that she thereby waived her right to appeal from the order sustaining the demurrer.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FILED, MAY 20, 1890.

ACTION in chancery to set aside a judgment rendered in an attachment proceeding, and a sale and sheriff's deed of real estate made under said judgment, on the ground that the court rendering the judgment had no jurisdiction of the person or the property of the defendant in attachment. A demurrer to the petition was sustained. Plaintiff appeals.

*Stone & Sims,* for appellant.

*Flickinger Bros.,* for appellees.

BECK, J.—I. The abstracts before us show that defendants in the action are McMahon, who was plaintiff in the action by attachment, and the purchasers and others holding title or claim under the sheriff's deed made upon the sale under judgment. The abstract recites the only proceedings had in the case, and the judgment, in the following language: "To the petition the defendants appeared, and pleaded a general demurrer, which demurrer was duly submitted to the court, and after argument was, on the twenty-seventh day of May, 1889, sustained, to which ruling plaintiff at the time excepted; and, plaintiff electing to stand upon her petition, judgment was on the first day of July, 1889, rendered in favor of the defendants, dismissing the plaintiff's petition, and for costs; to all of which the plaintiff at the time excepted." Appellee filed an amended abstract showing, among other things, that, after the ruling upon the demurrer, plaintiff filed an amendment to her petition, the purport of which is shown. There is no transcript of the record filed in this court. But the parties, subsequent to the filing of defendants' amended abstract, entered into an agreement as to the record in the court below which is in the following language: "It is hereby agreed by and between the parties hereto that the record in this action in the court below shows that, at the time of the ruling by the court on the demurrer filed to the petition on September 22, 1888, leave was given to the plaintiff to amend said petition, and that under said order the said petition was amended, and as amended is the petition set forth in the appellant's abstract; that the defendant P. J. McMahon was duly served with notice of the pendency of said action, and failed to make any appearance or answer in said cause."

Brown v. McMahon.

This agreement settles the question as to the fact that after the demurrer the petition was amended, and that the abstract before us presents this amended petition, and not the original petition assailed by the demurrer. But the agreement fails to show what the amendments to the petition were, and the amended abstract of defendant setting them out is denied. We, therefore, have not before us the original petition demurred to. We cannot determine what was the precise question involved in the demurrer, nor the precise effect of the court's decision. We cannot, therefore, determine the question decided by the court below. Upon the record as presented in the agreement, and the abstract not denied, we can discover no ground to sustain plaintiff's right to appeal, after having amended her petition upon the demurrer thereto having been sustained. The brief papers before us are contradictory. The agreement correcting the abstract shows that the petition was amended after the decision upon the demurrer. The plaintiff's abstract, which in this particular is not disputed by defendants, shows that upon the decision of the demurrer the plaintiff's petition was dismissed. These statements show either a strange practice in the court below, in permitting an amendment after a decree dismissing the petition, or a strange practice in the preparation of abstracts upon which to present cases for decision in this court. Without indulging any inferences as to the cause and source of the trouble, it is sufficient to say that the plaintiff, having pleaded once after demurrer, cannot appeal and complain of the decision on the demurrer to the original petition; and surely she cannot complain of any decision upon the amended petition, for none has been made upon it, and she cannot bring that pleading here for review, in the absence of any decision thereon. The decree of the district court is

AFFIRMED.