J. M. SCHOLL, Appellant, v. THE BRADSTREET COMPANY, Appellee.

| 85 | 551 |
|----|-----|
| 90 | 299 |
| 85 | 551 |
| 92 | 43 |
| 85 | 551 |
| 100 | 670 |
| 85 | 551 |
| 105 | 491 |

1. **Pleading**: AMENDMENT OF PETITION AFTER DEMURRER: WAIVER. Error in sustaining a demurrer to a pleading will be deemed waived by the subsequent amendment of the pleading demurred to so as to conform to the ruling of the court.

2. **Libel**: FALSE REPORT BY COMMERCIAL AGENCY: DAMAGES: EVIDENCE. The plaintiff, a merchant, was falsely reported by the defendant agency to have been attached for a large sum named. In consequence thereof several creditors of the plaintiff forwarded their claims for collection, but upon being advised of the mistake the claims were not pressed for payment, and were paid when due. The plaintiff's property was not attached, nor was his credit impaired. *Held,* in an action for damages on account of the alleged libel, that the plaintiff having suffered no material damage, and there being no evidence of malice, the jury properly found in favor of the defendant.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

TUESDAY, MAY 24, 1892.

ACTION to recover damages for an alleged libel. There was a verdict and judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*J. T. Illick,* for appellant.

*S. L. Glasgow,* for appellee.

ROTHROCK, J.—I. It appears from the record that from the year 1874 to the year 1878 the plaintiff and

1. PLEADING: amendment of petition after demurrer: waiver.

A. Scholl were in partnership, and carried on a hardware store and sold agricultural implements at Carthage, in the state of Illinois, under the partnership name of Scholl Bros. In 1878, A. Scholl withdrew from the business, but it was continued and carried on by the

plaintiff in the said partnership name of Scholl Bros. The defendant is an incorporated mercantile agency engaged in the business of collecting information touching the business character and credit and pecuniary responsibility of merchants, traders and others engaged in commercial pursuits, and imparting such information to its subscribers, who are largely composed of wholesale merchants and dealers. One method of imparting such information to the subscribers is by means of what is called a "sheet of changes and corrections," published and sent to their subscribers by mail. On the thirteenth day of November, 1888, one of these sheets was issued and published at Burlington, in this state, which contained the following statement: "Illinois, Carthage, Scholl Bros. hardware and implements. Attached three thousand, four hundred and seventy-two dollars and eighty-one cents." This action is founded upon this publication, and the original petition alleged the publication of the said words, with the usual matter in the way of *innuendo*, and demanded damages in the sum of five thousand dollars. There was a demurrer to the petition, upon the grounds: "*First*. That the alleged publication was neither libelous nor defamatory nor actionable *per se; second*, there are no allegations of malice in the petition; *third*, there are no allegations of special damages in the petition." The demurrer was sustained, and as we infer it was sustained on all the grounds above set forth. We infer this from the fact that the plaintiff amended his petition so as to aver that the publication was made with malice, and by averring and setting up that he sustained special damages in the sum of twelve dollars by reason of the publication. This was an acquiescence in the ruling of the court that the publication was not libelous in itself, because if it were it would not be necessary to plead special damages.

It is contended by counsel for the appellant that the publication is libelous *per se.* That question was settled by the demurrer. The plaintiff did not stand upon his original petition. He amended it to conform to the ruling of the court. By his amendment he waived any objection to the ruling; and as is said in *Smith v. Cedar Falls & M. R'y Co.*, 30 Iowa, 247: "He cannot be permitted to submit his cause for trial and afterwards raise objections to rulings which he has assented to by conforming his pleadings thereto." By amending his pleading after a demurrer thereto has been sustained, a party waives any objection which he may have to the ruling on the demurrer. *Taylor v. Galland*, 3 G. Greene, 17; *Melhop v. Doane*, 31 Iowa, 397; *Philips v. Hosford*, 35 Iowa, 593; *Muscatine v. Packet Co.*, 47 Iowa, 350.

II. As the publication was not libelous in itself, as determined by the court below and acquiesced in by the plaintiff by amending his petition, the remaining questions in the case may be determined very briefly. It appears from the evidence that the plaintiff at all times continued the business in the name of Scholl Bros. He testified as a witness upon that subject as follows: "I have been running the business under the name of Scholl Bros., and have advertised my business in the local paper at Carthage in that way. I published my business card in the Carthage paper under the name of Scholl Bros. There has never been any change in the name of the firm or in the business card." The defendant sought to prove that attachments in the amount named in the publication complained of were levied upon the property of A. Scholl, at Carthage, just before the publication was made. This evidence was not permitted to go to the jury, but it appears from other evidence that the attachments referred to in the publication were against A. Scholl; and it appears that

no serious consequence resulted to the plaintiff from the publication. Two of the creditors of the plaintiff at Keokuk sent their claims to Carthage for collection on account of the publication, but upon being advised that the attachments were not against the plaintiff payment was not pressed, and when the claims became due they were paid without suit. This is the extent of the effect the publication had on the plaintiff's business. His property was not seized by his creditors, his business was neither broken up nor interfered with, and his credit was in no manner impaired. There is no evidence that the agents of the defendant were actuated by malice in making the publication. On the contrary, so far as appears, it was a mere innocent mistake, for which the plaintiff should not complain. He gave the public reason to believe that Scholl Bros. were in business, when in fact he adopted that name instead of using his own, and he should not complain that persons supposed it was A. Scholl and himself who continued in business. This was the appearance of the business so far as the public was supposed to know, and if in that belief the report complained of was made it was proper and legitimate business, for the subscribers of the defendant had the right to know if the property of a member of the firm was attached. As the publication by the defendant was not actionable *per se*, it was incumbent on the plaintiff to prove that there were special damages, and that the publication was made in malice. The law does not impute or presume malice where the words are not actionable *per se*. There being no malice shown, and the amount of actual damages being so insignificant, we conclude that the verdict and judgment should be sustained.

The court instructed the jury that if they found certain facts to be established by the evidence the publication should be regarded as a privileged communication. Counsel have argued the question at length

whether the publications of commercial agencies like the defendant are entitled to immunity on the ground of privileged communications. We do not regard this case as properly raising that question, and therefore we do not consider it. We base our affirmance of the case on the ground that the publication was without malice, and that the actual damages sustained, if any, were so small that the plaintiff has no just cause to complain of the judgment.

III. The appellant filed a motion to strike the appellee's additional abstract from the files on the ground that it was not filed within proper time. The motion will be overruled. The record shows that the appellee's abstract was served on the defendant on the twenty-seventh day of July, 1891, and filed on the next day. The cause was not submitted to this court until the January term, 1892. The appellant was not prejudiced by delay in filing the additional abstract.

The judgment of the district court is AFFIRMED.