ORPHIE KRAUSE, Appellant, v. JAMES H. LLOYD.

**Amended Petition: REPETITION.** The original petition in an action, under Code, section 212, for collusion on the part of an attorney with intent to deceive a court or party, alleged that defendant colluded with his client to interpose a fictitious counter-claim in an action before a justice, so as to enable the client to appeal, and that the case was appealed and expenses incurred by plaintiff on the appeal, but did not allege that defendant appeared for his client, on appeal. A demurrer was sustained on the ground, that it did not show that the expenses incurred by plaintiff were caused by defendant's conduct. The amended petition alleged that defendant appeared for his client in the trial, on appeal. *Held*, that it was error to strike out the amended complaint as a mere repetition of the original.

**Sustaining Demurrer: ONE GROUND GOOD:** *Appeal.* Where a demurrer is sustained generally, the ruling will be sustained if any of the grounds of demurrer are well taken.

**WAIVER BY PLEADING OVER:** *Overruling and sustaining demurrer.* Plaintiff, by amending after demurrer is sustained to the complaint, waives the right to appeal from the order sustaining the demurrer; and Acts Twenty-fifth General Assembly, chapter 96,— providing that answering over after a demurrer is *overruled,* does

not make the ruling on the demurrer an adjudication on any question raised by the demurrer,—does not change the rule as to waiver by answering over after demurer is *sustained.*

*Appeal from Floyd District Court.*—HON. P. W. BURR, Judge.

MONDAY, JANUARY 25, 1897.

APPEAL by the plaintiff from a judgment rendered against her for costs "because of want of petition."— *Reversed.*

*Robert Eggert* for appellant.

*Reiniger & Lloyd* for appellee.

GIVEN, J.—I. This action is to recover treble damages, under section 212, of the Code, which is as follows: "An attorney and counselor who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court, or judge, or a party to an action or proceeding, is liable to be disbarred, and shall forfeit to the injured party treble damages, to be recovered in a civil action." On May 3, 1894, the plaintiff filed her petition stating that the defendant is a duly-admitted and practicing attorney at law; that in July, 1893, L. L. Krause, her assignee, instituted two suits in justice's court, one against C. A. Danforth and the other against Charles Walbaum, in each of which he asked to recover about three dollars for money had and received; and that the defendant Lloyd appeared as attorney for the defendant in each of said suits, and as such attorney, answered in each case, and in each pleaded and consented to be pleaded, and caused to be pleaded, a counter-claim for twenty-seven dollars and fifty cents. It is further alleged "that the said counter-claim in each case was fictitious and fabricated, and. caused to be fabricated

by the defendant, James H. Lloyd, and consented
thereto by him, all for the sole purpose of raising the
amount in controversy in each case above the amount
of twenty-five dollars; and said counter-claims were
pleaded by the said James H. Lloyd, and by him con-
sented to be pleaded, with the full knowledge that the
said counter-claims were fictitious, and for the sole pur-
pose of deceiving the court and the said L. L. Krause, so
that, in case of being defeated in the justice court, the
said C. A. Danforth and Charles Walbaum could, by
virtue of the amount in controversy begin more than
twenty-five dollars as explained above, obtain an appeal
to the district court." It is further alleged that L. L.
Krause obtained judgment in each of said cases before
the justice; that defendant Lloyd appealed, and caused
the defendants in said cases to appeal, to the district
court, which appeals would not have been granted but
for the pleading of said fictitious counter-claim; that
said cases were docketed in the district court, and
tried before the jury; and that said L. L. Krause was
obliged to defend in said court against the counter-
claims, and to be in attendance in said court for five
and one-half days, to his damage eleven dollars, and to
engage an attorney at an expense of forty-five dollars,
—in all, to his damage, fifty-six dollars. Plaintiff
also alleges that said claim was assigned to her by L.
L. Krause for value, and she asks judgment for one
hundred and sixty-eight dollars, with interest. Said
counter-claims are attached as exhibits, and in each
it appears that the defendant filing the same claimed
twenty-seven dollars and fifty cents as promised to be
paid by L. L. Krause, in addition to the amount paid
by him for the order upon which the suit was brought.
Defendant demurred to said petition, upon the ground
that the facts stated did not entitle the plaintiff to
the relief demanded, for the various reasons specified

in the demurrer, and upon other grounds, hereafter noticed. This demurrer was sustained generally, to which the plaintiff excepted, and thereafter the plaintiff filed an amendment to her petition, alleging, in substance as follows: That defendant Lloyd prosecuted said two appeals to the district court, and in that court did, with intent to deceive said district court, the judges thereof, and L. L. Krause, and to make them believe that said fictitious counter-claims were honest claims, resist two motions, made by Krause, to dismiss said appeals, for the reason that the amount in controversy was but three dollars; that the counter-claims were fictitious, fraudulent, and fabricated, and made and preferred by the defendant to deceive the courts; that this defendant resisted said motions on the ground that the counter-claims were valid, existing claims, knowing well, at that time, and prior thereto, that they were fraudulent, and mere fabrications, originated by said defendant and urged by him with intent to deceive the said court and said Krause; that the district court was, in each instance, deceived by the defendant, and overruled the motions to dismiss the appeals; that the cases were tried to the jury, and on the trial the defendant did not offer nor urge those fictitious counter-claims, and that verdicts were returned for the plaintiff; that L. L. Krause was obliged to engage a lawyer in said cases at a cost of forty-five dollars, and that he lost five and one-half days' time in preparing for, and at the trials, to his damage, eleven dollars. Defendant moved to strike this amendment to the petition, on the ground that it is but a repetition of the matters alleged in the petition to which the demurrer was sustained. This motion was sustained, to which plaintiff excepted, and declined to plead further, whereupon "judgment for defendant

for costs because of the want of petition" was entered, to which plaintiff excepted.

II. One ground of the demurrer is that plaintiff asked to recover damages caused by proceedings in said cases in the district court, but does not allege that this defendant appeared, defended, or took part in said cases in that court, or caused them to be defended therein, or that he in any manner deceived said court. Appellant concedes that the demurrer was properly sustained as to this ground, and says that it was to cure this defect in the petition that the amendment was filed. Having thus conceded, appellant's counsel proceed to urge that the court erred "in sustaining the remaining points of the defendant's demurrer." The demurrer was sustained generally. Therefore we do not know whether it was sustained upon all, or some one, of the several grounds. There being one ground to sustain the ruling, we cannot say that the court erred in sustaining the demurrer; nor can we know what the view of the court was to any one ground of the demurrer. The demurrer was sustained September 7, 1895, and, instead of standing on her petition, as she had the right to do, appellant amended the same. This court has many times held that in such cases the party, by amending, waives the right to appeal from the order sustaining the demurrer. *Brown v. McMahon,* 80 Iowa, 191 (45 N. W. Rep. 761); *Scholl v. Bradstreet Co.,* 85 Iowa, 551 (52 N. W. Rep. 500). In *City of Muscatine v. Keokuk Northern Line Packet Co.,* 47 Iowa, 350, it is said: "Pleading over after a ruling upon a demurrer has been so repeatedly held by this court to be a waiver, that we need not cite the cases announcing the rule." Chapter 96, Acts Twenty-fifth General Assembly does not change the rule in cases where the demurrer is sustained. The

language of that chapter is:   "When a demurrer shall
be overruled, and the party demurring shall answer
or reply, the ruling on the demurrer shall not be con-
sidered as an adjudication of any question raised by the
demurrer, and in such case the sufficiency of the
pleading thus attacked shall be determined as if no
demurrer had been filed.   No pleading shall be held
sufficient on account of a failure to demur thereto."
For the reason stated we are not called upon to con-
sider the sufficiency of the demurrer.

III.   The defendant's motion to strike was, in
effect, to strike the entire amendment, and upon the
ground that it was a repetition of the matters alleged
in the petition, to which the demurrer had been
sustained.   The original petition showed that
the two cases were appealed from the justice's
court because of the amount claimed in the counter-
claims, that they were docketed and tried in that
court, and that plaintiff incurred expense and loss of
time in attending and defending against the counter-
claims in that court; but, as was stated in the demur-
rer, it was not charged that this defendant was
accountable for the damages thus alleged to have been
sustained.   By the amendment to the petition the
plaintiff shows that these damages were caused by the
conduct of this defendant in appearing as an attorney
in those cases.   We do not think that the amendment
was a repetition of matters already stated, but that same
contained additional allegations upon which to charge
the defendant with the damages resulting from the pro-
ceedings had in those cases in district court.   With
the petition as thus amended, it was not true that she
was in default for want of a petition.   Without now
determining whether or not the grounds of the demur-
rer were well taken, we do hold that the court erred
in sustaining the motion to strike the amendment to

the petition, and in entering judgment against the plaintiff for costs "because of want of petition."— REVERSED.