## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* JACOWAY.

Under the allegations of the petition, it was error to refuse to sustain the general demurrer filed thereto.

Argued June 19,—Decided October 14, 1908.

Action for breach of contract. Before Judge Fite. Dade superior court. November 26, 1907.

*McDaniel, Alston & Black* and *Hunt Chipley,* for plaintiff in error. *R. J. & J. McCamy,* contra.

HOLDEN, J. Jacoway brought suit against the East Tennessee Telephone Company (hereafter called the Tennessee Company) and the Southern Bell Telephone and Telegraph Company (hereafter called the Bell Company), and alleged, that the North Alabama and Georgia Telephone and Telegraph Company (hereafter called the Alabama Company) was organized with a capital stock of $2500, of which the plaintiff owned stock to the amount of $250, which he sold to the Alabama Company in consideration of this company furnishing him the perpetual use of one of its telephones, and also the right to the use of a designated line, with the understanding that the company was to keep the telephone in good condition, without expense to the plaintiff, and that it was to be used either in his law office or his residence; that the company placed in his law office one of its telephones and connected it with its main line of wire, according to the contract, and kept it in repair for two or three years; that the Alabama Company afterwards sold and conveyed all of its rights to the Tennessee Company, and soon thereafter the latter company took possession of all of the property which belonged to the Alabama Company, with full knowledge of and recognizing plaintiff's rights, and kept the telephone and its connections in good repair for some time after its purchase, but finally refused to repair the telephone when it got out of order; that afterwards the Bell Company bought from the Tennessee Company all of the rights which it had acquired from the

Alabama Company, and, with full knowledge of all of the rights of plaintiff, tore down the poles and carried away the wire which connected plaintiff's telephone with the main line of the company, and removed the telephone from his house without his consent. The plaintiff brought suit for damages. To the petition a general demurrer was filed by the Bell Company, and to the judgment of the court overruling this demurrer this company filed exceptions.

Jacoway was no party to the contract of sale made by the Alabama Company to the Tennessee Company, nor was he any party to the contract of sale from the Tennessee Company to the Bell Company. There is no allegation in the petition that when these contracts were made the purchaser agreed with Jacoway to furnish him a telephone and permit him to use any of the property which was purchased. Whatever may be the rights of Jacoway against the company with which he contracted, he has no right of action against the Bell Company because that company refused to furnish him a telephone and to permit him to use the property which it purchased. There is no privity of contract between the Bell Company and Jacoway. It does not appear from the allegations of the petition that the Bell Company agreed with Jacoway, or with the company from which it purchased, that the contract made between Jacoway and the Alabama Company would be carried out. There is an allegation in the petition that the Tennessee Company, after it had purchased from the Alabama Company, took possession of the property "with full knowledge of and recognizing petitioner's rights," but there is no allegation that the Tennessee Company had any notice of plaintiff's contract, or evidenced any recognition of it, at the time of its purchase. There is no allegation in the petition that the Bell Company had any notice of the plaintiff's contract with the Alabama Company at the time of its purchase from the Tennessee Company. The petition does allege that the Bell Company, at the time it tore down the poles and carried away the wire which connected the plaintiff's telephone with the main line of the company, had knowledge of this contract, but there is no allegation that it had such knowledge at the time of its purchase from the Tennessee Company. However this may be, there is no allegation that either of the purchasers ever made any contract with Jacoway by virtue of which he would

have any right of action against them because of being prevented from using the telephone line. There was no merger of either of the companies into the other, nor was there any consolidation of one with another; but it appears that there was simply a contract of absolute and unconditional bargain and sale, and the obligations resting on and the debts due by the seller were not imposed on the buyer. In this connection see *Waycross Air-Line R. Co. v. Southern Pine Co.,* 115 *Ga.* 7 (41 S. E. 271); *Guthrie v. Atlantic Coast Line R. Co.,* 119 *Ga.* 663 (46 S. E. 824); *Hawkins v. Central R. Co.,* 119 *Ga.* 159 (46 S. E. 82), and authorities there cited. We think the court committed error in refusing to sustain the general demurrer; and the judgment is

*Reversed. All the Justices concur.*