J. P. HESS, Appellant, v. IOWA LIGHT, HEAT & POWER COMPANY, Appellee.

SEPTEMBER 28, 1928.

REHEARING DENIED FEBRUARY 15, 1929.

*B. I. Salinger*, for appellant.

*Price & Burnquist* and *Ralph Maclean*, for appellee.

PER CURIAM.—The plaintiff is now, and has been for many years, engaged in the banking business in the city of Carroll. The defendant, a corporation, is a public utility company, engaged in the business of furnishing electricity for lighting and heating purposes. The defendant company was preceded by the Carroll Light & Heat Company, a corporation, which was engaged in the same business. The Carroll Light & Heat Company is spoken of in the record as the "Long interests" and the Iowa Light, Heat & Power Company as the "Hooper interests," of which the "U. G. I." became the owner in 1925. Prior to November 10, 1915, the Carroll Light & Heat Company sold all of its property, and the same, with the capital stock of said corporation, was transferred to a Boston syndicate, and thereafter, the Iowa Light, Heat & Power Company was incorporated. The plaintiff had a contract with the Carroll Light & Heat Company whereby, for his becoming an officer of said company, and giving to it "friendly aid," he was to receive from said company electricity for heating and lighting his home. The plaintiff was a stockholder, the treasurer, and a director of the Carroll Light & Heat Company at the time of the aforesaid sale and transfer. It is not shown by the record how soon after said sale and transfer the Iowa Light, Heat & Power Company was incorporated. It appears that Hooper was president of the company that was dispensing electricity in November, 1915. The plaintiff testified as follows:

"When Mr. Hooper got to the helm, I mentioned the fact to him that I had free light and free heat with the old company, and asked him what he expected if I served as an officer and, of course, gave friendly help. He says, 'You shall have the same.' And he walked back to his office,—that was in the forenoon,—and in the afternoon he mailed me a letter. It is the letter copied in my petition, and which confirmed the understanding I had with Hooper."

The following is the letter:

"Carroll, Iowa, November 10, 1915.
"J. P. Hess, Carroll, Iowa.
"Dear Mr. Hess: I write to confirm understanding had with you whereby *in consideration of your services as director of the Carroll Light & Heat Company*, you are to receive such light and heat as you may require for your personal use, free of charge.

"Lindsey Hooper, President."

(The italics are ours.)

The plaintiff served as treasurer of the Iowa Light, Heat & Power Company for about two years after 1915, but has never been a director of said corporation. The plaintiff received electricity for light and heating purposes until the time of the commencement of this action. On June 19, 1922, the plaintiff received a letter signed by Hooper, as president, in which he states:

"It has been brought to my attention that the company is still furnishing you with light and heat for your personal use, without charge. On referring to a letter which I wrote you under date of November 10th, 1915, it appears that the understanding had was to the effect that as compensation for your services as director of the Carroll Light & Heat Company you were to receive light and heat for your personal use gratis. As you appreciate, the Carroll Light & Heat Company went out of existence sometime ago and you have been relieved from your services in connection therewith for some time past. We therefore write to ask if you can conceive any reason why this company should make an exception in your favor."

To the aforesaid letter the plaintiff made reply, stating therein that he declined to agree to any abrogation of his contract.

After the "U. G. I." obtained control of the utility company, it sent the plaintiff a statement for the amount claimed by the company for electricity furnished the plaintiff for the month of December, 1925. The plaintiff refused payment, and wrote the company, claiming that his contract was still in force, and suggesting a friendly suit by the company, in which it

should ask recovery for the light and heat which he claimed that the company was to furnish him under said contract. To plaintiff's letter the company replied, stating:

"We have concluded that at the end of the present heating season, we will furnish you no more heat under the present arrangement, thus giving you ample time during the summer months to install your own heating plant, or take our service at the same rates as other consumers pay."

And further stating:

"If you feel warranted in so doing, you can commence your action against us to restrain us from carrying out what we herein propose to do."

The plaintiff then began this action, alleging in his petition that the Carroll Light & Heat Company orally agreed with plaintiff that he should give aid to the standing of the Carroll Light & Heat Company by becoming one of its directors, and that, in consideration of his becoming a director, and otherwise aiding the standing of said corporation, plaintiff was to receive such light and heat as he might require for his own use, free of charge, which arrangement was confirmed by the letter of November 10, 1915, hereinbefore quoted; that, in accordance with said understanding, the Iowa Light, Heat & Power Company, the successor of the first named corporation, has continued to furnish plaintiff, for his personal use, the electric light and heat covered by said understanding, and that, unless restrained by the action of the court, the defendant will insist upon payment of said service, and, upon failure thereof, the shutting off of the light and heat from the dwelling house of the plaintiff. He prays that a writ of injunction issue, restraining the defendant from breaking its said contract, and from collecting or attempting to collect from plaintiff pay for the furnishing of such service to the plaintiff, and from in any way discontinuing said service. The defendant relies upon numerous defenses, among which are the following: lack of consideration; inadequacy of consideration; that the contract is void because it is unjustly discriminatory and is against public policy; that the contract lacks mutuality of obligation and mutuality of remedy; that the contract is indefinite as to time of performance, or eternal as to

duration; that the same is, therefore, terminable upon reasonable notice, which was given in its letter hereinbefore mentioned, written by defendant and received by the plaintiff just before the commencement of this action; that the alleged contract was, in fact, a contract between the plaintiff and the Carroll Light & Heat Company, to which contract this defendant was not a party; and that there is no privity of contract between the plaintiff and the defendant company.

The trial court dismissed the plaintiff's petition upon its merits, and from this action the plaintiff has appealed.

The plaintiff seeks to enjoin the breach of a contract. The question at this point is, Did he have a contract with the defendant company, or was the defendant company under any legal obligation to furnish electricity to the plaintiff? It is elementary that, unless the defendant company was a party to the contract, or became legally obligated to perform the same, then plaintiff cannot prevail. The plaintiff relies upon a contract with the Carroll Light & Heat Company. He alleges in his petition:

"Shortly prior to November 10th, 1915, the said Carroll Light and Heat Company orally agreed with this plaintiff that he should give aid to the standing of the Carroll Light and Heat Company by, for one thing, becoming one of its directors, and that, in consideration of his becoming a director, and otherwise aiding the standing of said corporation, plaintiff was to receive such light and heat as he might require for his personal use, free of charge. This arrangement was confirmed by the following letter:" (Here follows copy of letter of November 10, 1915, hereinbefore set out.)

It is thus clearly manifest that he is not relying upon a contract between the plaintiff and the defendant company, for he alleges a contract between him and the Carroll Light & Heat Company.

It is true that the property and capital stock of the Carroll Light & Heat Company had been transferred to a Boston syndicate, but this did not nullify the corporation known as the Carroll Light & Heat Company. No contract was made, or alleged by the plaintiff in his petition to have been made, with the Iowa Light, Heat & Power Company after its incorporation. The

mere fact that the Iowa Light, Heat & Power Company, upon its incorporation, became engaged at the same place, in the same business, as that formerly conducted by the Carroll Light & Heat Company, did not make the succeeding company liable on the contract of the preceding company. There is no allegation of any merger or consolidation of the Carroll Light & Heat Company and the Iowa Light, Heat & Power Company, and the obligations resting on, and the debts due by, the former corporation were not imposed on the latter corporation. See *Guthrie v. Atlantic C. L. R. Co.*, 119 Ga. 663 (46 S. E. 824); *Southern Bell Tel. & Tel. Co. v. Jacoway*, 131 Ga. 483 (62 S. E. 640).

However, the plaintiff alleges and claims that the defendant company ratified the agreement made between the plaintiff and the Carroll Light & Heat Company. Ratification is the act  on the part of one in giving sanction and validity to something done or purporting to have been done by another in his behalf. There is no allegation of any contract or semblance of a contract made by anyone for and in behalf of the defendant company. The contract alleged in the petition is one between the plaintiff and the Carroll Light & Heat Company. The mere fact that the defendant company may have furnished the plaintiff electricity, which it was under no obligation whatever to furnish, does not bind it to continue the same. It is thus obvious that plaintiff's claim as to ratification must fail.

If we concede, arguendo, that the contract pleaded by the plaintiff was obligatory upon the defendant company, the plaintiff would be in no better position. The letter of November 10, 1915, which the plaintiff testified confirmed his understanding with Hooper, and which, without objection, he retained, is self-explanatory. The only reasonable interpretation of the contract (which is alleged in the petition to have been made between the plaintiff and the Carroll Light & Heat Company) is that, during such time as he continued to serve as a director of said company, he was to receive electricity for light and heating purposes. The plaintiff never served in the capacity of director of the defendant company. With whatever company his contract was, when his services as director terminated, the obligation to furnish electricity terminated with it. A construction of a contract conferring a right in perpetuity will be avoided, unless

826

compelled by the unequivocal language of the contract. 13 Corpus Juris 604.

Moreover, where no time limitation is inserted in a contract for the performance of services or the furnishing of commodities, the contract is regarded as terminable by either party  on reasonable notice. 13 Corpus Juris 605; *McCullough-Dalzell Crucible Co. v. Philadelphia Co.*, 223 Pa. St. 336 (72 Atl. 633); *Commonwealth v. Central Dist. Tel. Co.*, 243 Pa. St. 586 (90 Atl. 338); *Smith v. Cedar Falls and Minnesota R. Co.*, 30 Iowa 244; *Kenderdine Hydro-Carbon Fuel Co. v. Plumb*, 182 Pa. St. 463 (38 Atl. 480).

The letter written by the defendant company and received by the plaintiff shortly prior to the time of the commencement of this action constituted reasonable notice of the termination of any contractual rights existing between the plaintiff and the defendant company, even if we assume that there was any legal obligation on the part of the defendant company to perform the contract alleged by plaintiff to have been made between him and the Carroll Light & Heat Company.

What we have said thus far makes it unnecessary to discuss or determine the other propositions which have been ably argued by counsel for the respective parties.

The action of the trial court in dismissing plaintiff's petition upon its merits is clearly right, and the same is hereby affirmed.—*Affirmed.*