**Don N. WEST, Appellant,**

v.

**Denny WESSELS, Raymond Smith, Jr., Allyn Monaghan, Terry Miller, Thomas Lipps, Karl Hove, Gene Brass, The Buffalo Center–Rake Community School District and its successor, Buffalo Center–Rake–Lakota Community School District, and Erling Aalgaard, Appellees.**

No. 94–83.

Supreme Court of Iowa.

July 19, 1995.

Rehearing Denied Sept. 15, 1995.

Mark S. Soldat, Algona, and Mary Jane White, Waukon, for appellant.

Don N. Kersten and Angela J. Ostrander of Kersten & Carlson, Fort Dodge, and James R. Villone of Klass, Hanks, Stoos, Stoik & Villone, Sioux City, for appellees.

Jay M. Shriver of Pappajohn, Shriver, Eide & Nichols, P.C., Mason City, for appellee Thomas Lipps.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

This is an appeal from a summary judgment for the defendants in a multitheory tort and breach-of-contract action brought against them by the plaintiff-appellant, Don N. West. West was formerly superintendent of the defendant Buffalo Center–Rake–Lakota Community School District (the school district). His contract termination was upheld on judicial review by the Iowa District Court and in an unpublished opinion of the Iowa Court of Appeals. The other appellees are the members of the board of education for the school district, a principal and a football coach employed by the school district, and the attorney who represented the school district in the proceeding to terminate West's contract.

The claims involved in this appeal are pleaded in six counts of West's petition. Briefly stated they are:

Count I—breach of express and implied terms of West's written contract by the school district.

Count II—tortious breach of contract by the board members, the principal, the football coach, and the board's attorney.

Count III—abuse of process by the same parties claimed against in Count II.

Count IV—willful tort by the same parties claimed against in Count II.

Count V—tortious interference with West's contractual relationship with the school district and another school district by the same parties claimed against in Count II.

Count VI—civil rights violations under 42 U.S.C. § 1983 by the same parties claimed against in Count II.

West's petition originally contained a seventh count alleging defamation by certain of the named defendants. After the motion for summary judgment filed by those defendants was overruled as to the defamation count, West dismissed that claim without prejudice.

Appellees' motions for summary judgment in the district court asserted that all of West's claims are subject to claim preclusion or issue preclusion. The basis of the claimed preclusion is the favorable adjudication that the school district obtained in West's challenge to his contract termination. In granting defendants' motions, the district court found that all of West's six theories of liability were precluded by the final judgment in the contract termination proceeding brought under Iowa Code sections 279.24 and 279.25 (1989). Because we believe that this is only partly so, we reverse the district court's judgment in part and affirm it in part.

## I. *Matters of Claim Preclusion and Issue Preclusion.*

In considering the matters of claim and issue preclusion presented in the arguments on appeal, we begin by observing that "claim preclusion," as distinguished from "issue preclusion," applies only if the claim for relief litigated in the previous proceeding was the same as the claim of the present action. *Fournier v. Illinois Casualty Co.,* 391 N.W.2d 258, 259–60 (Iowa 1986); *Westway Trading Corp. v. River Terminal Corp.,* 314 N.W.2d 398, 401 (Iowa 1982). The Restatement (Second) of Judgments' suggested test for the determination of the dimensions of a single claim is as follows:

When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger and bar ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Restatement (Second) of Judgments § 24(1) (1982).

The doctrine of issue preclusion focuses not on the identity of claims for relief, but rather on subsidiary issues of law or fact necessarily resolved in the process of adjudicating a previous claim. *Brosamle v. Mapco Gas Prods.,* 427 N.W.2d 473, 475 (Iowa 1988); *Selchert v. State,* 420 N.W.2d 816, 818 (Iowa 1988). This doctrine prevents the parties from relitigating issues previously resolved if they were necessary in deciding the prior litigation. *Id.*

Applying the foregoing principles to the district court's summary judgment ruling, we conclude that the only portion of West's present claims that are barred by claim preclusion are those portions that seek money damages that are in some way dependent upon the termination of his contract with the school district or measured by the loss of that contract. The appellees in the district court have proceeded in this litigation on the theory that all of West's claims for money damages are dependent upon the contract termination or are measured by the loss of that contract. Some support for that point of view is to be found in West's statement of disputed facts, which spans ninety pages in the appendix. Various matters therein contained relate almost exclusively to actions taken by the defendants in the process leading to the termination of West's contract. In addition, in West's brief on this appeal, he ties these facts to his claim for relief in the following manner:

Even if it were res judicata that the defendants followed the technical steps enumerated in section 279.24 and discharged the duty to terminate only upon a reasonable foundation, that hardly resolved the issues of whether their prior breaches wrongfully caused the reasonable foundation to exist and the termination decision to be predetermined.

This statement strongly suggests that the primary basis for West's claim for money damages is the economic consequences of

having lost his superintendent's job with the school district. We conclude that the prior adjudication that district representatives accomplished that termination in accordance with law precludes recovery of damages for that loss.

West does, however, identify three claims for relief that are not dependent on the termination of his contract. These are: (1) alleged breach of contract by the school district under Count I during the time that contract was still in force; (2) alleged willful falsification of a "misconduct" claim in resisting West's application for unemployment insurance benefits embraced within the claims of Counts II, IV, and VI; and (3) a claim of tortious interference with West's prospective contractual relationship with another school district embraced within the claims of Count V. As to these issues, we conclude that the record discloses genuine issues of material fact with respect to the first and third matters identified. Although factual issues also exist as to the actions in resisting West's unemployment insurance claim that were not adjudicated in the termination litigation, that claim is not actionable for other reasons.

The unemployment insurance matter would fall under either Counts II, IV, or VI of the petition but for obvious reasons it is not actionable against any of the defendants under those counts. Count II presents a claim sounding in tort for violation of the same contractual duties invoked against the school district in Count I. None of the defendants named in Count II were parties to that contract and thus may not be found liable on this theory. *See Porter v. Iowa Power & Light Co.*, 217 N.W.2d 221, 228 (Iowa 1974) (contract must impose duty on the actor sought to be held liable). The claims of Count IV are limited to the period of time that West was acting as superintendent. They do not extend to matters that arose after his contract was terminated, such as the unemployment insurance dispute. Count VI is the § 1983 claim. In matters before the administrative agency that processes unemployment insurance claims, school district employers stand on the same footing as private employers. There is thus no special cloak of state law that attends the action of school district representatives in

dealing with the agency on such matters. We do not believe that West's claim, viewed most favorably to him, states a cause of action under § 1983 based on the unemployment insurance dispute. *See Triplett v. Azordegan*, 570 F.2d 819, 823–24 (8th Cir. 1978) (it is the nature of the act performed by a state official not the status of the official as such that is determinative of the application of § 1983).

The appellees urge that matters essential to sustaining West's claims of alleged contract breach by the school district and tortious interference with West's prospective contractual relationship with the Thompson School District by the other appellees were brought up by West during the contract termination proceedings and rejected on the merits. Based on this contention, appellees urge that issue preclusion applies to bar West from pursuing these claims in the present litigation. We disagree for two reasons. First, the administrative law judge, the district court, and the court of appeals all scrupulously avoided adjudicating these matters in the contract termination proceeding. Second, even if the facts surrounding West's breach of contract and tortious interference claims had been in any way ruled on in the contract termination proceedings, those matters were not necessary and essential to the resulting judgment. *See Selchert*, 420 N.W.2d at 818 (before issue preclusion applies, the determination of the issue in the prior action must have been necessary and essential to the resulting judgment); *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (same).

## II. *Claimed Immunity of Defendant Lipps.*

█ In addition to raising a defense of claim preclusion and issue preclusion similar to that of the other defendants, appellee Thomas Lipps asserts that in acting as the school district's attorney he is immune from West's claims. We need only consider this issue as it applies to the claim under Count V involving tortious interference with West's prospective contractual relationship with the Thompson School District. The other claims against Lipps were properly dismissed on the

merits. The district court concluded that, in representing the school district throughout the proceedings initiated to terminate West's contract, Lipps was entitled to the same immunity that this court accorded the assistant county attorney in *Hanson v. Flores,* 486 N.W.2d 294 (Iowa 1992). We do not believe that the immunity granted the attorney in *Flores* against a malpractice claim extends to the claim against attorney Lipps under Count V that survives the motion for summary judgment. That claim, as alleged by West, is a willful tort separate and apart from the activities involved in West's contract termination. It is impossible to determine on the record, as it exists at this time, that Lipps has immunity with respect to those allegations. *See Rowen v. Le Mars Mut. Ins. Co.,* 282 N.W.2d 639, 654–55 (Iowa 1979) (all who knowingly assist or cooperate in an illegal transaction including attorney for perpetrators may be subjected to civil liability); *Krause v. Lloyd,* 100 Iowa 666, 667–68, 69 N.W. 1062, 1063 (1897) (same).

### III. *Other Matters.*

Finally, we must consider challenges that West has raised concerning discovery and amendments to the pleadings. The issue raised concerning amendments to the pleadings is critical to the summary judgment rulings because it involves the amendments to defendants' answers in which they first asserted the defenses of claim preclusion and issue preclusion. In reviewing the record presented, we believe that in permitting these amendments the district court acted well within the broad discretion accorded in allowing amendments to the pleadings.

The only discovery issue West raises that directly affects the summary judgment ruling is the effort to obtain closed-session meetings of the school district. It is undisputed that these sessions involved West and to some extent bear upon matters he has raised in this litigation. Ultimately, over defendants' objections, transcripts of these closed-session meetings were made a part of the record in the summary judgment proceedings. The material contained in these transcripts has been considered by both the district court and this court in the adjudication of those motions. Relevant material contained in the closed-session meetings should also be made available to West for such use as is allowed under the rules of evidence in pursuing those claims remaining after our decision is filed and procedendo has issued. Other discovery issues raised by West have been considered and found to be without merit.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed in part and reversed in part. The judgment dismissing Counts II, III, IV, and VI of the petition on the merits is affirmed. The judgment dismissing Count I is reversed, and that count is remanded to the district court for further proceedings on liability of the school district for breach of contract, if any, other than damages based on the termination of his employment contract. The judgment on Count V is reversed and remanded as to the claims involving alleged tortious interference with West's prospective contractual relationship with the Thompson School District. The dismissal of the other claims contained within that count is affirmed. The costs of appeal are assessed eighty percent to appellant and twenty percent to appellees.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**