# IN THE COURT OF APPEALS OF IOWA

No. 15-0105
Filed October 14, 2015

**VIRGIL JOHNSON and VIRGIL JOHNSON TRUCKING,**
    Plaintiffs-Appellants,

**vs.**

**ASSOCIATED MILK PRODUCERS, INC.,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Allamakee County, Margaret L. Lingreen, Judge.

Plaintiffs appeal a district court decision granting summary judgment to defendant on their action for breach of contract. **REVERSED AND REMANDED.**

John S. Anderson and Stephen J. Belay of Anderson, Wilmarth, Van Der Maaten, Belay, Fretheim, Gipp & Zahasky, Decorah, for appellants.

Matthew C. Berger of Gislason & Hunter, L.L.P., New Ulm, Minnesota, for appellee.

Heard by Doyle, P.J., Eisenhauer, S.J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Virgil Johnson and Virgil Johnson Trucking filed a petition claiming a sum due, alleging that Associated Milk Products, Inc. (Associated) had breached its contract to pay specific sums for delivering milk to Associated's Arlington plant. Associated filed a motion for summary judgment alleging that the contract had been modified or replaced beginning September 1, 2013, and that all sums due had been paid in full. The motion was granted. Johnson has appealed.

## I. Background Facts

In September 2001, Johnson and Associated entered into an oral agreement whereby Johnson was to pick up milk from dairy farms and deliver it to Associated's plant in Arlington. Johnson was paid so many cents per gallon for the milk delivered and $100 a trip for each load delivered.

In a letter dated July 31, 2013, Associated advised Johnson that it was reducing the trip charge by twenty-five dollars per month beginning September 1, and twenty-five dollars more for each succeeding month until December 1, 2013, when the trip charge would be totally eliminated. There was no specific agreement in the original contract as to its duration or the method by which it could be amended or terminated.

Neither party expressly or formally terminated the contract. Instead, Johnson continued to deliver the milk and Associated continued to accept it. Johnson protested the amendment by continuing to bill Associated for the trip charge as well as the gallonage charge. Associated paid in accordance with its July 31 letter. This arrangement continued until a formal written notice of termination was given by Associated on November 12, 2014, which terminated

the agreement effective December 2, 2014. However, in January of 2014, Johnson had filed a petition claiming sums due as provided by the original contract. Associated filed a motion for summary judgment and it was granted.

## II. Scope of Review

Summary judgments are reviewed for errors of law. *Phillips v. Covenant Clinic*, 625 N.W.2d 714, 717 (Iowa 2001).

## III. Error Preservation

Issues must be raised in district court and ruled on before they will be considered on appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Johnson filed a resistance to the motion, thereby preserving error. *See Bill Grunder's Sons Constr., Inc. v. Ganzer*, 686 N.W.2d 193, 197-98 (Iowa 2004).

## IV. Discussion

When a motion for summary judgment is filed the burden is on the moving party to demonstrate he is entitled to judgment. *Sabin v. Ackerman*, 846 N.W.2d 835, 839 (Iowa 2014). On appeal the record is reviewed in the most favorable light to the nonmoving party. *Id.* Even if facts are undisputed, summary judgment is not appropriate if reasonable minds could reach different conclusions based on inferences that can be drawn from the undisputed facts. *Id.*

Generally, a modification to an existing contract requires a new consideration, while a revision or termination of an existing contract and a replacement with a new contract does not require a new consideration. *Recker v. Gustafson*, 279 N.W.2d 744, 755-56 (Iowa 1979). The problem is determining whether there has been a revision and a new contract formed or an ineffective attempt to modify a contract without consideration.

If a contract does not contain an express or implied period of duration the court will generally construe the contract to be a contract terminable at will. *Shelby Cnty. Cookers, L.L.C. v. Util. Consultants Int'l, Inc.*, 857 N.W.2d 186, 191 (Iowa 2014). The parties do not dispute that the initial contract could be terminated by either of them after providing a reasonable notice. Associated contends, and the district court agreed by granting the motion for summary judgment, that the contract between Johnson and Associated was terminated by the July 31 letter. Johnson, by continuing to deliver the milk, in effect consented to the termination and to a new contract that deleted the trip charges in accordance with the July 31 letter. There is no contention that any consideration supported the change in the payment schedule or that either party specifically referenced revision or termination, either orally or in writing, until the letter of December 12.

A very similar situation was addressed by our Supreme Court in *Davenport Osteopathic Hospital Ass'n v. Hospital Service, Inc.*, 154 N.W.2d 153 (Iowa 1967). Hospital had agreed to provide services to Blue Cross subscribers. *Davenport Osteopathic Hosp. Ass'n*, 154 N.W.2d at 156. The contract between the parties had a ninety-day termination clause. *See id.* A few years later Blue Cross advised Hospital it was changing its payment formula which reduced the charges payable to Hospital. *See id.* Hospital protested the new rate schedule but Blue Cross only reimbursed by the new schedule even though Hospital continued to charge in accordance with the original agreement. *See id.* Blue Cross contended that by failing to officially terminate or rescind the contract and instead accepting the reduced payment the hospital agreed to the modification.

*See id.* at 158. The court noted that neither party elected to rescind and awarded Hospital recovery under the terms of the initial contract. *See id.* The court stated, "The law does not sanction breach of contract as a means of escape from its burdensome terms nor will it reward an offending party." *Id.*

*Tindell v. Apple Lines, Inc.*, 478 N.W.2d 428 (Iowa Ct. App. 1991), is another similar case. Tindell had an operating lease with Apple in which he was paid so many cents per mile for hauling Apple's freight. *Tindell*, 478 N.W.2d at 429. The agreement was subject to a thirty-day notice of termination. *See id.* at 429-30. Apple prepared an addendum decreasing the rate but Tindell did not sign it and advised Apple he would not accept the rate change. *See id.* at 430. Tindell continued to haul and accept payments at the reduced rate. *See id.* The court found Apple owed Tindell for the period in which it unilaterally reduced the rate of pay. *See id.* at 431-32.

Associated contends that *Davenport Osteopathic* and *Tindell* can be differentiated on the grounds that both contracts had termination clauses that required a notice and a lapse of time before the actual termination. Associated further contends in a case where an agreement requires a time lapse between the notice and the termination it is not a contract at will. Associated reasons that in a contract at will a request to change by either party is an automatic termination of the original contract. If the other party continues to perform, a new contract has been formed in accordance with the requested modification.

It is true that both *Davenport Osteopathic* and *Tindell* have specific termination clauses, but all contracts at will can be terminated only after reasonable notice of termination. *See Hess v. Iowa Light, Heat & Power Co.*,

221 N.W. 194, 196-97 (Iowa 1928). There is no logical or rational reason that a contract that in effect allows either party to terminate at will, but contains an agreed upon reasonable termination notice should be treated as a contract for a specific term rather than a contract at will. Associated has not directed the court to any Iowa case that has been based on that distinction. It is distinction without meaning as it relates to the factual situation under consideration. Associated provided a reasonable notice when it finally terminated the contract.

Associated and the district court liken the case under consideration to an employment at will contract. An employment contract is terminable at will and subject to modification at any time, leaving the other party with only the alternatives of accepting the modification or terminating the relationship. *See Willits v. City of Creston*, 433 N.W.2d 58, 62 (Iowa Ct. App. 1988); *Moody v. Bogue*, 310 N.W.2d 655, 661 (Iowa Ct. App. 1981). There has been a long standing legal distinction between employees and independent contractors. *Harvey v. Care Initiatives, Inc.*, 634 N.W.2d 681, 683-84 (Iowa 2001). The concept of employment contracts as contracts at will is firmly rooted in Iowa law. *Fogel v. Trustees of Iowa Coll.*, 446 N.W.2d 451, 455 (Iowa 1989). Employment contracts have been considered unilateral contracts where one party makes an express agreement and the other party makes no promise but accepts by rendering some performance. *See Anderson v. Douglas & Lomason Co.*, 540 N.W.2d 277, 282-83 (Iowa 1995); *Drake v. Block* 74 N.W.2d 577, 80 (Iowa 1956).

Johnson entered into his relationship with Associated as an independent subcontractor and not as an employee and that relationship continued. The contract between the two parties was a bilateral contract subject to modification

by agreement. The fact that employment contracts and service contracts with an independent contractor are treated differently is exemplified by the cited cases.

Assent to a modification may be implied from the acts of the other party when a bilateral contract exists but whether such a contract has been modified is ordinarily a question of fact. *See Davenport Osteopathic Hosp. Ass'n*, 154 N.W.2d at 157. The district court applied the rules applicable to contracts between an employer and employee and concluded as a matter of law that Johnson accepted the terms of the proposed modified contract when he continued to haul milk after the proposal was made. The rule utilized is not appropriate when a service contractor as opposed to an employee is involved.

Although the facts are primarily undisputed, those facts do not support Johnson's acceptance of Associated's proposed modification as the only, or probable, conclusion that can be drawn from those facts.

We therefore reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**