P. S. JUNKIN, Appellee, v. PLAIN DEALER PUBLISHING COMPANY, Appellant, et al.

SPECIFIC PERFORMANCE: Evidence—Sufficiency. While specific
1  performance will be decreed only on clear and satisfactory evidence, yet this goes no further than to exact a clear *preponderance* of the evidence.

CORPORATIONS: Corporate Powers—Ultra Vires—Debts in Excess
2  of Authorization. Corporate debts in excess of corporate authorization are not void because of such excess.

*Appeal from Union District Court.*—H. K. EVANS, Judge.

DECEMBER 11, 1917.

ACTION in equity to enforce specific performance of contract. Decree for plaintiff, and the defendant Plain Dealer

Publishing Company appeals. The material facts are stated in the opinion.—*Affirmed.*

*E. L. Carroll,* for appellant.

*L. J. Camp,* for appellee.

WEAVER, J.—At the date of the transaction which is the subject of this controversy, there were three established newspapers published in the city of Creston, to wit: The Advertiser-Gazette, of which the plaintiff herein was proprietor; the Plain Dealer, owned by the Plain Dealer Publishing Company, a corporation; and the Morning American, owned by W. H. Robb. The defendants Beatle and Sampson were stockholders in the Plain Dealer corporation, the former being also its president, and Nye was the editor and general manager of the paper. It is plaintiff's claim that, having learned that Robb desired to dispose of the American, and believing it desirable that said journal be eliminated from the Creston newspaper field, he and the defendants entered into an oral agreement, by which he was authorized to purchase the American, together with its subscription list and other assets, and that, when such property was acquired, plaintiff would take the subscription list at such reasonable valuation as might thereafter be agreed upon. The remainder of the property and materials so purchased, he alleges were to be sold, and, after applying the moneys so realized and the value of the subscription list to the reduction of the cost or expense incurred in the purchase, the remainder was to be treated as a loss, one half of which was to be assumed and borne by plaintiff, and the other half by the defendants. Proceeding according to this agreement, plaintiff says that he did purchase the American from Robb, paying therefor the sum of $6,000; but when he demanded of defendants the performance of the undertaking on their part, they neglected and refused to proceed any further, or to pay their share of the loss so incurred.

The defendants deny having entered into any such agreement, and further aver that the corporation publishing company was at that time already indebted to the full limit of its authority under its articles of incorporation, and the corporation could not lawfully enter into the alleged contract.

On trial to the court, decree was entered in plaintiff's favor against the publishing company, substantially as prayed, and for a money recovery of one half the loss incurred in the purchase of the property and its subsequent sale. No money judgment was rendered against the other defendants. The corporation alone appeals.

I. In this court, appellant, invoking the rule that specific performance will not be enforced except upon clear and satisfactory evidence of the equitable character of the plaintiff's demand, questions the sufficiency of the evidence to justify the decree rendered. We shall not attempt to recite the statements of the witnesses on either side. We have read the testimony, as shown by the abstract, in full, and while, upon the naked proposition whether there was a final agreement between the parties as alleged by the plaintiff, there is a conflict of evidence, it very clearly preponderates in support of the trial court's finding. It is conceded that there were negotiations between the parties looking to such a deal, and that plaintiff made an offer to proceed and make the purchase on the conditions stated by him. He testifies that Beatle, Sampson and Nye were present, and in one form or another expressed their assent to such arrangement. In this he is corroborated in a very material degree by two other witnesses who were present at some of their meetings; also by the testimony of some of the defendants themselves, and by the acts done and the statements made by the defendants after the purchase was made. It is unnecessary to question the honesty or veracity

1. SPECIFIC PERFORMANCE: evidence: sufficiency.

of any of the parties to the deal. Disputes and misunderstandings are of very frequent occurrence, even where all parties are of acknowledged integrity, and in cases of this character the courts are concerned only in ascertaining where, under all the attendant circumstances, the apparent preponderance of the evidence is found. Subjected to this test, there can be little doubt that plaintiff's claim has sufficient support to entitle him to a decree.

II.    Appellant also relies upon its plea

2. CORPORATIONS: corporate powers: *ultra vires*: debts in excess of authorization.

of *ultra vires*, and further asserts that there is no showing of authority from the corporation to Beatle, Sampson and Nye to enter into any such agreement on its behalf. A corporate debt contracted in excess of the maximum limitation in its articles of incorporation is not void because of such excess. *Garrett v. Burlington Plow Co.*, 70 Iowa 697; *Warfield Howell & Co. v. Marshall County Canning Co.*, 72 Iowa 666; *Traer v. Prospecting Co.*, 124 Iowa 107; *Sioux City Terminal R. & W. Co. v. Trust Co.*, 173 U. S. 99. No other reason is suggested why the contract should be held to be *ultra vires*.

We also agree with the trial court that there was sufficient circumstantial evidence that the three individual defendants were authorized to treat with plaintiff on behalf of the corporation, and that, in any event, their action in that respect was ratified by the conduct of the defendant. It did receive, and for some purpose made at least temporary use of, the subscription list. It also, after the purchase had been made by plaintiff, published in its own newspaper and announced to the world that, in conjunction with the plaintiff, it had purchased the American and eliminated it from the newspaper field in Creston.

The case presented by the appeal is purely one of fact; and, as we are satisfied that the trial court's findings there-

in are well supported by the record, it follows that the decree appealed from is in all respects—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.