WARFIELD, HOWELL & CO. v. THE MARSHALL COUNTY CANNING CO. ET AL.

1. **Corporations**: PREFERRING CREDITORS: MORTGAGE TO DIRECTORS. A corporation, like a natural person, may prefer one creditor to another; and the fact that the preference is exercised in favor of creditors who are directors and shareholders of the corporation is immaterial, even though the persons thus preferred may have voted for their own preference, and for the execution of the mortgage given to carry it into effect. (*Buell v. Buckingham*, 16 Iowa, 284; *Garrett v. Burlington Plow Co.*, 70 Id., 697.) Nor does it make any difference that *all* of the officers, directors and shareholders thus voted for and secured their own preference.

2. ————: INSOLVENCY: SALE OF PROPERTY TO NEW CORPORATION FOR PAYMENT OF PREFERRED DEBT TO SHAREHOLDERS. One corporation may sell its property to another corporation. And where the first corporation was insolvent, and had executed a mortgage to its shareholders to secure them as creditors, thus preferring them to other creditors, and the second corporation was organized by the shareholders of the first, and other persons, all paying value for their stock therein, and the first corporation sold its property to the second corporation so organ-

ized, in consideration that the second corporation would pay the mortgage to the shareholders in the first corporation, which was the full value of the property conveyed, and all this was done in good faith, though with knowledge by all the parties that the other creditors of the first corporation would never be able to realize anything on their claims, *held* that the transaction was a valid one, and could not be set aside at the suit of the unsecured creditors of the first corporation.

3. ———: DEBT BEYOND PRESCRIBED LIMIT: VALIDITY. A mortgage given by a corporation to secure a debt in excess of the limit prescribed by the articles of incorporation is not for that reason invalid, even though given to the directors and shareholders as preferred creditors. (*Garrett v. Burlington Plow Co.*, 70 Iowa, 697, followed.)

4. ———: LIABILITY OF SHAREHOLDERS FOR ASSESSMENT. Where the shareholders in a corporation agreed to stand an assessment, whenever it became necessary for the extension of their works, so as to increase their paid-up capital from $6,000 to $25,000, *held* that this did not bind any shareholder to do anything more than to pay in full for the stock subscribed for by him.

5. ———: FALSE REPRESENTATIONS AS TO CAPITAL: ESTOPPEL OF OFFICERS. The officers and shareholders of a corporation, who are preferred creditors, are not estopped, as against unsecured creditors, to deny that the corporation had a capital of $25,000, on account of the fact that its manager used letter-heads on which was printed the name of the corporation, with the words "Capital, $25,000," where it is not shown that the creditors became such upon faith in such representation.

*Appeal from Marshall District Court*—HON. D. D. MIRACLE, *Judge.*

TUESDAY, OCTOBER 18.

ACTION IN EQUITY. The petition states that the Marshall County Canning Company was organized in 1882, under the laws of this state, by certain persons, (naming them,) with a paid-up capital of $6,000, for the purpose of raising and packing corn, tomatoes, etc.; that in September and October, 1883, said corporation was solvent, and became indebted to the plaintiffs; that in January, 1885, said corporation, being insolvent, did, in pursuance of a vote of all the shareholders, make and deliver to E. W. Munson and others a mortgage upon its canning works, for the alleged purpose of securing the payment of $10,000 claimed to be due said mortgagees

for moneys advanced by them to said corporation long prior
to the execution of the mortgage; that such advances were
made after the indebtedness to the plaintiffs arose, and was
in excess of the highest amount of indebtedness to which
the corporation could at any one time subject itself, and that
said mortgage was executed in violation of the articles of
incorporation; that the defendants and mortgagees had from
the organization of the corporation been the officers, direct-
ors and principal stockholders of such corporation, and had
full knowledge of the insolvency of the corporation and its
indebtedness to the plaintiffs; that in June, 1885, the said
mortgagees and others organized the Gilman Canning Com-
pany, under the laws of this state; that in July, 1885, the
Marshall County Canning Company conveyed all of its
property to the Gilman Canning Company, in consideration
of the agreement of the latter company to pay the mortgage
above referred to; that the Gilman Company at the time had
full knowledge of the indebtedness to the plaintiffs, that
plaintiffs obtained judgment, and caused an execution
thereon to be issued, against the Marshall County Canning
Company, and that the officers thereof, upon demand being
made upon them, failed to point out any property upon
which the same could be levied, and it therefore was
returned, "No property found;" 'that the purpose of
defendants in executing said mortgage and deed, and in
organizing the Gilman Canning Company, was to give the
defendants E. W. Munson and others an unlawful preference
and advantage in securing their demands against said Mar-
shall County Canning Company, by absorbing all its assets
and demands, and thus preventing the payment of any part
of the indebtedness due the plaintiffs. The relief asked is
"that said mortgage and deed be declared null and void;
that plaintiffs' judgment be declared a lien on said property of
the Marshall County Canning Company, superior to the claim
or lien of the defendants, and each of them;    *    *    *
and such other and further relief as the court may deem

proper." The answer admits the organization of the Marshall County Company, and the execution of the mortgage, and also the organization of the Gilman Company; but it is alleged that the latter was organized by the persons named in the petition, and many others who were not connected with the Marshall Company. The sale and conveyance to the Gilman Company is admitted, but it is alleged to have been made in good faith, for a valuable consideration; and all allegations in the petition not admitted are denied. The court found for the defendants, and dismissed the petition, and plaintiff appeals. The case is triable *de novo* in this court.

*C. C. & C. L. Nourse*, for appellant.

*Caswell & Meeker*, for appellees.

SEEVERS, J.—Substantially, there is no dispute as to the facts. The authorized capital of the Marshall Company was $25,000, but the paid-up stock was $6,000, and it was practically all absorbed in purchasing the required real estate, the erection of buildings, and procuring machinery and other property for the prosecuting of the business of the Marshall Company. Money was required to prosecute such business. The corporation had neither money nor credit, but money was borrowed upon the notes or indorsements of the individual stockholders, and used by the corporation. The latter never paid the money so procured, and such indebtedness continued to exist from the time the money was first procured, for a less or greater amount, until the execution of the mortgage. The business of the corporation was not profitable, nor was the paid-up capital sufficient to purchase the required machinery or appliances.

I. Counsel for the appellant contends that the " organization of the company by the stockholders of the old corporation was for the purpose of transferring the property of the old organization in fraud of creditors." It is not alleged in the petition that such sale and conveyance was made with the intent and for the purpose of defrauding creditors, but that

1. CORPORATIONS: preferring creditors: mortgage to directors.

what was done amounted to an unlawful preference. In other words, we understand the claim to be that what was done amounts to a legal fraud, as distinguished from an actual fraudulent intent. If wrong in this, we find from the evidence that the defendants did not intend to defraud any one. Such was not their purpose, but they honestly believed they had the legal right to procure the mortgage, and thus secure themselves, although other creditors of the corporation were not secured or paid; and whether they had this right is the important question in this case. The evidence satisfies us that the Marshall County Company was indebted to the mortgagees in the sum of $10,000 at the time the mortgage was executed, and that such indebtedness was contracted in good faith. The mortgagees, it is true, were officers and stockholders of the corporation; but, notwithstanding this fact, they had the right to procure the corporation to execute the mortgage, although other creditors of the corporation are unable to obtain payment of their indebtedness. Corporations can make contracts, and transfer property; possessing the same powers in such respects as private individuals. (Code, § 1059.) Such is the rule in the absence of a statute, and therefore it has the right to prefer one creditor to another. (2 Mor. Priv. Corp. § 802.) The fact that the preference is exercised in favor of directors or shareholders of the corporation is immaterial, although the director or shareholder may have voted for the proposition, and the security given was to secure an indebtedness to himself. *Buell v. Buckingham*, 16 Iowa, 284; *Garrett v. Burlington Plow Co.*, 70 Id., 697. It is insisted that this case is distinguished from those cited, because of the fact that *all* of the officers, directors and shareholders voted in favor of the creation of the indebtedness, and the execution of the mortgage. We do not believe this can or should make any difference. The material question is one of right and power; and, if this exists, it is immaterial whether this power is exercised by all or a part of the persons in whom the power is vested.

Our attention is directed to the case of *Hibernia Insurance Co. v. St. L. & N. O. Transportation Co.*, 13 Fed. Rep., 516, as being an authority in favor of the plaintiff; but in that case the old corporation transferred to the new all of its property. Such is not true in the case at bar. When the mortgage was executed, the Marshall County Company owned a large amount of property which was not included in the mortgage, and which was afterwards converted into money, and applied in payment of legitimate indebtedness. Besides this, it fairly appears in the cited case that the new corporation did not pay indebtedness of the old corporation equal to the value of the property transferred.

*2. ——: insolvency: sale of property to new corporation for payment of preferred debt to shareholders.*

We find the fact to be that the Gilman Company assumed and agreed to pay the debts of the Marshall County Company to the full value of all property conveyed. Unless restrained by statute, a corporation may sell and dispose of its property, and one corporation may purchase the property of another corporation; both possessing, in this respect, the same power as individuals. (Mor. Priv. Corp., §§ 335, 420.) This being so, and no fraudulent intent being shown, it is difficult to see why the sale in the present case should be set aside, or that the plaintiff should have a lien on the property of the Gilman Company for which it paid full value. Especially is this true when at least a fair proportion of the stock of that company was contributed by persons who had no connection with the Marshall County Company, and who became such shareholders in good faith. While it is true that the shareholders in the Marshall Company are shareholders in the Gilman Company, they did not become so because of their being shareholders in the former; but they paid money for the stock in the latter company. It is true, there seems to have been an understanding or expectation that they might have stock in the Gilman Company for a portion or all of their stock in the Marshall Company,

depending upon a settlement of the business of the latter; that, if there was anything left after the payment of the debts of the latter belonging to shareholders which came into possession of the Gilman Company, such shareholders should have stock *pro rata* for the value of the stock in the latter company. We do not understand that there is any such property; therefore the Gilman Company obtained no property from the Marshall Company except what it paid full value for. We cannot see, therefore, upon what principle it can be held that the Gilman Company should pay the debts of the Marshall Company. It may be conceded that, if it appeared that the mortgagees received stock in the Gilman Company, in consideration for property conveyed to it, which was in excess of the indebtedness assumed, the plaintiff would be entitled to relief to the extent or value of such excess.

II. The proposition is stated by counsel, but it is not, we think, insisted upon, that the mortgage is *ultra vires*,

<small>3. ——: debt beyond prescribed limit: validity.</small> because the articles of incorporation provide "that it shall be competent to mortgage the property of the company to the amount of not exceeding one-half of the capital stock actually paid in." This question was determined adversely to appellant in *Garrett v. Plow Co.*, before cited. (Mor. Priv. Corp. §§ 696–718.)

Counsel for appellant insist that the defendants are estopped from setting up the claim that the Marshall Company

<small>4. ——: liability of stock holders for assessments.</small> was indebted to them in the amount for which the mortgage was executed, upon the ground that the shareholders who subscribed and paid for the $6,000 of paid-up stock agreed, as to creditors, to stand an assessment, whenever it became necessary for the extension of their works, so as to increase their capital to $25,000. The manager of the corporation, when writing to its correspondents, used letter-heads on which it was stated, "Marshall County Canning Company. Capital $25,000;"

and this is urged as a further ground of the claimed estoppel. A conclusive answer to the first ground, it seems to us, is that the shareholders fully paid for all stock subscribed for by them. Their contract, therefore, was fully performed. A stockholder in a corporation can be made liable to the creditors of the corporation only to the extent of his unpaid subscription to the capital stock. The conclusive answer to the second ground is that it is not alleged in the petition

5. ——: false representation as to capital: estoppel of officers.

that the plaintiff relied on and extended credit to the corporation on the faith of the representation, or that it was believed to be true; nor can such conclusion be drawn from or based on the evidence. Several authorities have been cited by counsel to which no reference has been made, but they all have been read and considered.

The judgment of the district court is

AFFIRMED.