GERMAN AMERICAN STATE BANK OF CHALCO, NEBRASKA, Appellant, v. FARMERS & MERCHANTS SAVINGS BANK OF LIDDERDALE et al., Appellees.

BANKS AND BANKING: Insolvency—Assumption of Liabilities—Construction. The written agreement by a bank to take over the assets of an insolvent bank and apparently to assume the payment of *all* the liabilities of the insolvent will be controlled, in its general terms, by the official bank resolution pertaining to the matter. Held, under this rule, that the assumption in a certain case embraced liabilities appearing only *on the books* of the insolvent bank.

BANKS AND BANKING: Insolvency—Transfer of Assets—Trust Fund Doctrine. The transfer by an insolvent bank, while in the hands of a receiver, of all or of a part of its assets to another bank which pays nothing therefor, but assumes the payment of certain of the liabilities of the insolvent, does not deprive a judgment creditor of the insolvent's of the right to follow said assets into the hands of the transferee and to impress a lien thereon on the basis of the pro-rata value of the assets transferred; and this is true though the transferee bank had no knowledge of the creditor's claim when it accepted the transfer.

CORPORATIONS: Indebtedness—Debts Beyond Lawful Limit—Status. A debt contracted by a corporation in excess of the maximum limitation prescribed by law is not void.

Headnote 1: 7 C. J. p. 491 (Anno.)   Headnote 2: 7 C. J. p. 747; 14 C. J. p. 950.   Headnote 3: 7 C. J. p. 592; 14a C. J. pp. 574, 589.

Headnote 2: 5 L. R. A. (N. S.) 520; 3 R. C. L. 644.   Headnote 3: L. R. A. 1915D, 1028; 7 R. C. L. 512.

*Appeal from Carroll District Court.—R. L. McCord, Judge.*

DECEMBER 14, 1926.

REHEARING DENIED MARCH 11, 1927.

Action in equity upon a negotiable promissory note for $3,000, and to have any judgment obtained thereon established as a lien upon the assets of the defendant Farmers & Merchants Savings Bank of Lidderdale, Iowa, which were transferred to its codefendant, the Farmers State Bank of Lidderdale, in October, 1922, without any provision for the payment of plaintiff's claim. The court awarded judgment against the Farmers & Merchants Savings Bank, but declined to establish the same as a lien upon the assets of the Farmers State Bank, as prayed. The plaintiff and the defendant Farmers & Merchants Savings Bank appeal.—*Modified and affirmed.*

*Helmer & Minnich,* for plaintiff, appellant.

*Salinger, Reynolds, Meyers & Cooney,* for defendants, appellant and appellee.

STEVENS, J.—I. The plaintiff is a banking corporation located at Chalco, Nebraska, and organized under the laws of that state. On May 29, 1922, John Schleisman, vice president of the

1. BANKS AND BANKING: insolvency: assumption of liabilities: construction.

Farmers & Merchants Savings Bank, executed the note in suit, to Louis Kovar, its cashier. It is admitted, or clearly proven, that the maker received no consideration for the note, and that it was, in fact, executed for the use and benefit of the bank. On or about the date of its execution, the note was transferred to appellant for value, the payee indorsing same in blank. Prior to the execution of the note, and on September 30, 1916, the Farmers & Merchants Savings Bank, by John Schleisman, vice president, and Louis F. Kovar, cashier, executed a written guaranty to appellant, guaranteeing the payment of all rediscounts, notes, or other negotiable paper received by appellant from said bank which were indorsed personally by any officer of the bank or by any individual therefor, in the event that such officer or individual should sever his connection with the bank

by reason of death or otherwise. The note was not entered upon the books of the savings bank, and it is conceded that the loan was made in excess of the authority of the bank to loan to its officers, and that this is the reason the transaction was withheld from the bank's books.

The assets of the Farmers & Merchants Savings Bank were taken in charge by the superintendent of banking, as receiver, in August, 1922. Following this event, the Farmers State Bank of Lidderdale, a new corporation, was organized, for the purpose of taking over the assets and business of the savings bank. The transfer was consummated on the sixth day of October, when all of the real property and valuable assets of the bank were transferred to, and possession taken thereof by, the new corporation. No part of the consideration was paid in cash. The new corporation, however, assumed "payment of all the existing liabilities of the Farmers & Merchants Savings Bank, Lidderdale, Iowa, on account of demand deposits, savings deposits, time deposits, subject to waivers duly signed by said depositors, and all outstanding drafts, cashier's checks, rediscounts, and bills payable; and such liabilities are henceforth to be regarded as valid, binding obligations of said Farmers State Bank, Lidderdale, Iowa."

The agreement between the two corporations further provided that all bills receivable of the savings bank should be indorsed as follows:

"For value received, the payment of these notes is hereby guaranteed, waiving demand, notice of nonpayment and protest."

It provided also that the cashier should execute a guaranty to the new bank, the form of which was prescribed by resolution.

Prior to the commencement of this action, appellant obtained a judgment upon its note against the maker and indorser, on which execution was issued, and returned unsatisfied. The contentions of appellant may be discussed and disposed of under two general propositions: (1) That the assumption of the new corporation to pay the liabilities of the insolvent bank was intended for the benefit of all of its creditors; or (2) that the assets of the insolvent bank in the hands of the receiver constituted a trust fund for the payment of creditors, and, if

they were transferred without any provision for the payment of appellant's claim pro rata out of such assets, then it has a lien thereon in the hands of the new corporation, and that the court should have so decreed.

As to the first of the above propositions, we think that the intention of the parties to the agreement, which was executed in pursuance of separate resolutions adopted by the respective corporations, contemplated the assumption and payment by the new bank of only such obligations and liabilities as were shown on the books of the old bank. The resolutions, which are set out in full in the agreement, so provided in express terms. It will be observed, by reference to the paragraph of the agreement quoted above, that no reference is made therein to the books of the bank, but apparently all liabilities are included. Notwithstanding this omission, the intention is made clear by the separate resolutions which conferred the authority upon the respective corporations to enter into the agreement, and they should control. It is our conclusion, therefore, that, in so far as appellant's prayer for relief is based upon the agreement between the banks, it cannot be granted. The obligations assumed under the contract were to pay the liabilities of the savings bank that were shown on its books.

II.   The doctrine which treats the assets of a corporation as a trust fund for the payment of its creditors has been adopted in this state. *Luedecke v. Des Moines Cabinet Co.*, 140 Iowa

2. BANKS AND BANKING: insolvency: transfer of assets: trust-fund doctrine.

223; *Farnsworth v. Muscatine P. & P. I. Co.*, 177 Iowa 20; *Warfield, Howell & Co. v. Marshall County Canning Co.*, 72 Iowa 666. Nevertheless, corporate assets may be sold and transferred to a purchaser in good faith for full value, for cash or its equivalent. Such is the holding of the above cited cases. It is conceded that the assets of the savings bank were inadequate to pay its obligations in full. As stated, no part of the consideration for the transfer was paid to the receiver in cash. As we understand the record, the estimated value of the assets transferred equals the total of the liabilities assumed. Such assets as were of little value were retained by the receiver, who did not sign the contract, nor, so far as the evidence shows, take any part in the transactions involved. If the assets of a corporation are sold and transferred for value and for cash, the

fund derived therefrom becomes available for the payment of creditors at once. The theory upon which the assumption by the purchaser is equivalent to cash is that provision is thereby made for the payment of all of the creditors of the debtor corporation. The note of appellant did not appear upon the books of the bank, and, as stated, is not included in the liabilities assumed. If, however, appellant is denied a lien upon the corporate assets of its debtor, then a preference in favor of other creditors is created by the transfer made after the debtor became insolvent. That a debtor may, under some circumstances, prefer creditors by securing or paying some of them in full is well settled in this state. A banking corporation cannot do this, however, after it has become insolvent and its assets and business turned over to a receiver. Counsel appear to regard as significant the fact that the officers of the state bank did not have personal knowledge of appellant's claim. Surely, this can make no material difference. So far as this question is concerned, however, Kovar, cashier of the old bank, who became assistant cashier of the new bank, did have full knowledge of the note in suit. Furthermore, the new corporation purchased the assets thereof with full knowledge of the insolvency of the savings bank, and this was at least sufficient to put its officers upon inquiry as to the insolvent's liabilities. *Luedecke v. Des Moines Cabinet Co.*, 140 Iowa 223; *Valley Bank v. Malcolm*, 23 Ariz. 395 (204 Pac. 207); *Williams v. Commercial Nat. Bank*, 49 Ore. 492 (90 Pac. 1012).

Counsel for appellee and the cross-appellant, the Farmers State Bank, rely to some extent upon *Warfield, Howell & Co. v. Marshall County Canning Co.*, supra. The court in that case declined to establish a lien upon the assets of the debtor which had been transferred to a new corporation. The facts disclosed in that case were that the purchaser was the mortgagee of the insolvent corporation, and that the value of its assets was much less than the mortgage. We held that, although the mortgage created a preference in favor of the mortgagee, it was executed in good faith, and was, therefore, valid. The case is not in point here.

It is apparent from the foregoing discussion that, if appellant's judgment is affirmed upon the cross-appeal, it had a lien upon the assets of the old bank in the possession of the new

bank. The lien must be established only for the pro-rata value of the assets, which must be determined in the receivership. To deny appellant a lien upon the assets of the savings bank would be to sanction the right of an insolvent corporation, although in the hands of a receiver, to prefer certain of its creditors, exclude others from participation in the trust fund, and, in effect, completely eliminate the trust-fund doctrine.

III. We come now to consider the cross-appeal of the Farmers & Merchants State Bank. The cross-appeal is from the judgment entered in appellant's favor against the bank. It is

3. CORPORATIONS: indebtedness: debts beyond lawful limit: status.

contended by cross-appellant that the written instrument executed September 13, 1916, by it to appellant, by the terms of which it undertook to guarantee the payment by the old bank of negotiable instruments received by appellant therefrom which were indorsed personally by an officer of the bank or any individual in its behalf, was not authorized by resolution of the board of directors, and that same was in excess of the bank's statutory authority.

Savings banks are authorized to "discount, purchase, sell, and make loans upon commercial paper, notes, bills of exchange, drafts, or any other personal or public security." Section 9184, Code of 1924. The note was executed for and on behalf of the bank, which discounted it to appellant for cash.

It is further contended by cross-appellant that the loan was excessive, and that this was known to appellant. It is well settled by the decisions of this court that a corporate debt contracted in excess of the maximum limitation in its articles is not void because thereof. *Junkin v. Plain Dealer Pub. Co.*, 181 Iowa 1203; *Farmers' Sav. Bank v. Jameson*, 175 Iowa 676; *Benton County Sav. Bank v. Boddicker*, 105 Iowa 548. The savings bank received and retained full value for the note, necessarily with the knowledge of the officers thereof. By doing so it acquiesced in the transaction, thereby ratifying it. *German Sav. Bank v. Des Moines Nat. Bank*, 122 Iowa 737.

Cross-appellant set up a plea of estoppel, based upon the pleadings filed in the action in which judgment was entered on the note against the vice president and the cashier of the bank, respectively. The savings bank was not named as a defendant in that action. The answer of Kovar filed therein proceeded up-

on the theory that the note was executed and his indorsement placed thereon solely for the purpose of enabling the bank to make the transfer, and that he received no consideration therefor. It is claimed by counsel for cross-appellant that appellant denied the allegations of Kovar's answer, thereby assuming the position that it received the note from him, and not from the bank, thereby, in effect, repudiating any claim against the bank. We find nothing in the pleadings to that effect. The petition and answer are all that is set before us. The case was not tried. The attorneys appearing withdrew their appearance for the defendants. The plea of estoppel is not, therefore, sustained by the proof. Judgment, we think, was properly entered against the Farmers & Merchants Savings Bank. It should have been established as a lien upon the assets of the debtor corporation, subject to a judicial determination in the receivership of the pro-rata value of such as are in the possession of the new bank and subject to the preferential rights of depositors. The cause will be remanded to the district court for decree in harmony with this opinion, and for such further proceedings as may be necessary.

Thus modified, the judgment of the court below is affirmed. —*Modified and affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.