I. The plaintiff is a banking corporation located at Chalco, Nebraska, and organized under the laws of that state. On May 29, 1922, John Schleisman, vice president of the Farmers Merchants Savings Bank, executed the note in suit, to 1. BANKS AND Louis Kovar, its cashier. It is admitted, or BANKING: clearly proven, that the maker received no insolvency: consideration for the note, and that it was, in assumption fact, executed for the use and benefit of the of bank. On or about the date of its execution, the liabilities: note was transferred to appellant for value, the construc- payee indorsing same in blank. Prior to the tion. execution of the note, and on September 30, 1916, the Farmers Merchants Savings Bank, by John Schleisman, vice president, and Louis F. Kovar, cashier, executed a written guaranty to appellant, guaranteeing the payment of all rediscounts, notes, or other negotiable paper received by appellant from said bank which were indorsed personally by any officer of the bank or by any individual therefor, in the event that such officer or individual should sever his connection with the bank *Page 278 
by reason of death or otherwise. The note was not entered upon the books of the savings bank, and it is conceded that the loan was made in excess of the authority of the bank to loan to its officers, and that this is the reason the transaction was withheld from the bank's books.
The assets of the Farmers Merchants Savings Bank were taken in charge by the superintendent of banking, as receiver, in August, 1922. Following this event, the Farmers State Bank of Lidderdale, a new corporation, was organized, for the purpose of taking over the assets and business of the savings bank. The transfer was consummated on the sixth day of October, when all of the real property and valuable assets of the bank were transferred to, and possession taken thereof by, the new corporation. No part of the consideration was paid in cash. The new corporation, however, assumed "payment of all the existing liabilities of the Farmers Merchants Savings Bank, Lidderdale, Iowa, on account of demand deposits, savings deposits, time deposits, subject to waivers duly signed by said depositors, and all outstanding drafts, cashier's checks, rediscounts, and bills payable; and such liabilities are henceforth to be regarded as valid, binding obligations of said Farmers State Bank, Lidderdale, Iowa."
The agreement between the two corporations further provided that all bills receivable of the savings bank should be indorsed as follows:
"For value received, the payment of these notes is hereby guaranteed, waiving demand, notice of nonpayment and protest."
It provided also that the cashier should execute a guaranty to the new bank, the form of which was prescribed by resolution.
Prior to the commencement of this action, appellant obtained a judgment upon its note against the maker and indorser, on which execution was issued, and returned unsatisfied. The contentions of appellant may be discussed and disposed of under two general propositions: (1) That the assumption of the new corporation to pay the liabilities of the insolvent bank was intended for the benefit of all of its creditors; or (2) that the assets of the insolvent bank in the hands of the receiver constituted a trust fund for the payment of creditors, and, if *Page 279 
they were transferred without any provision for the payment of appellant's claim pro rata out of such assets, then it has a lien thereon in the hands of the new corporation, and that the court should have so decreed.
As to the first of the above propositions, we think that the intention of the parties to the agreement, which was executed in pursuance of separate resolutions adopted by the respective corporations, contemplated the assumption and payment by the new bank of only such obligations and liabilities as were shown on the books of the old bank. The resolutions, which are set out in full in the agreement, so provided in express terms. It will be observed, by reference to the paragraph of the agreement quoted above, that no reference is made therein to the books of the bank, but apparently all liabilities are included. Notwithstanding this omission, the intention is made clear by the separate resolutions which conferred the authority upon the respective corporations to enter into the agreement, and they should control. It is our conclusion, therefore, that, in so far as appellant's prayer for relief is based upon the agreement between the banks, it cannot be granted. The obligations assumed under the contract were to pay the liabilities of the savings bank that were shown on its books.
II. The doctrine which treats the assets of a corporation as a trust fund for the payment of its creditors has been adopted in this state. Luedecke v. Des Moines Cabinet Co., 140 Iowa 223; Farnsworth v. Muscatine P. P.I. Co., 177 Iowa 2. BANKS AND 20; Warfield, Howell Co. v. Marshall County
BANKING: Canning Co., 72 Iowa 666. Nevertheless, insolvency: corporate assets may be sold and transferred to transfer of a purchaser in good faith for full value, for assets: cash or its equivalent. Such is the holding of trust-fund the above cited cases. It is conceded that the doctrine. assets of the savings bank were inadequate to pay its obligations in full. As stated, no part of the consideration for the transfer was paid to the receiver in cash. As we understand the record, the estimated value of the assets transferred equals the total of the liabilities assumed. Such assets as were of little value were retained by the receiver, who did not sign the contract, nor, so far as the evidence shows, take any part in the transactions involved. If the assets of a corporation are sold and transferred for value and for cash, the *Page 280 
fund derived therefrom becomes available for the payment of creditors at once. The theory upon which the assumption by the purchaser is equivalent to cash is that provision is thereby made for the payment of all of the creditors of the debtor corporation. The note of appellant did not appear upon the books of the bank, and, as stated, is not included in the liabilities assumed. If, however, appellant is denied a lien upon the corporate assets of its debtor, then a preference in favor of other creditors is created by the transfer made after the debtor became insolvent. That a debtor may, under some circumstances, prefer creditors by securing or paying some of them in full is well settled in this state. A banking corporation cannot do this, however, after it has become insolvent and its assets and business turned over to a receiver. Counsel appear to regard as significant the fact that the officers of the state bank did not have personal knowledge of appellant's claim. Surely, this can make no material difference. So far as this question is concerned, however, Kovar, cashier of the old bank, who became assistant cashier of the new bank, did have full knowledge of the note in suit. Furthermore, the new corporation purchased the assets thereof with full knowledge of the insolvency of the savings bank, and this was at least sufficient to put its officers upon inquiry as to the insolvent's liabilities. Luedeckev. Des Moines Cabinet Co., 140 Iowa 223; Valley Bank v. Malcolm,23 Ariz. 395 (204 P. 207); Williams v. Commercial Nat. Bank,49 Or. 492 (90 P. 1012).
Counsel for appellee and the cross-appellant, the Farmers State Bank, rely to some extent upon Warfield, Howell Co. v. MarshallCounty Canning Co., supra. The court in that case declined to establish a lien upon the assets of the debtor which had been transferred to a new corporation. The facts disclosed in that case were that the purchaser was the mortgagee of the insolvent corporation, and that the value of its assets was much less than the mortgage. We held that, although the mortgage created a preference in favor of the mortgagee, it was executed in good faith, and was, therefore, valid. The case is not in point here.
It is apparent from the foregoing discussion that, if appellant's judgment is affirmed upon the cross-appeal, it had a lien upon the assets of the old bank in the possession of the new *Page 281 
bank. The lien must be established only for the pro-rata value of the assets, which must be determined in the receivership. To deny appellant a lien upon the assets of the savings bank would be to sanction the right of an insolvent corporation, although in the hands of a receiver, to prefer certain of its creditors, exclude others from participation in the trust fund, and, in effect, completely eliminate the trust-fund doctrine.
III. We come now to consider the cross-appeal of the Farmers 
Merchants State Bank. The cross-appeal is from the judgment entered in appellant's favor against the bank. It is contended by cross-appellant that the written instrument 3. CORPORA- executed September 13, 1916, by it to appellant, TIONS: by the terms of which it undertook to guarantee indebted- the payment by the old bank of negotiable ness: debts instruments received by appellant therefrom beyond which were indorsed personally by an officer of lawful the bank or any individual in its behalf, was limit: not authorized by resolution of the board of status. directors, and that same was in excess of the bank's statutory authority.
Savings banks are authorized to "discount, purchase, sell, and make loans upon commercial paper, notes, bills of exchange, drafts, or any other personal or public security." Section 9184, Code of 1924. The note was executed for and on behalf of the bank, which discounted it to appellant for cash.
It is further contended by cross-appellant that the loan was excessive, and that this was known to appellant. It is well settled by the decisions of this court that a corporate debt contracted in excess of the maximum limitation in its articles is not void because thereof. Junkin v. Plain Dealer Pub. Co.,181 Iowa 1203; Farmers' Sav. Bank v. Jameson, 175 Iowa 676; BentonCounty Sav. Bank v. Boddicker, 105 Iowa 548. The savings bank received and retained full value for the note, necessarily with the knowledge of the officers thereof. By doing so it acquiesced in the transaction, thereby ratifying it. German Sav. Bank v. DesMoines Nat. Bank, 122 Iowa 737.
Cross-appellant set up a plea of estoppel, based upon the pleadings filed in the action in which judgment was entered on the note against the vice president and the cashier of the bank, respectively. The savings bank was not named as a defendant in that action. The answer of Kovar filed therein proceeded upon *Page 282 
the theory that the note was executed and his indorsement placed thereon solely for the purpose of enabling the bank to make the transfer, and that he received no consideration therefor. It is claimed by counsel for cross-appellant that appellant denied the allegations of Kovar's answer, thereby assuming the position that it received the note from him, and not from the bank, thereby, in effect, repudiating any claim against the bank. We find nothing in the pleadings to that effect. The petition and answer are all that is set before us. The case was not tried. The attorneys appearing withdrew their appearance for the defendants. The plea of estoppel is not, therefore, sustained by the proof. Judgment, we think, was properly entered against the Farmers Merchants Savings Bank. It should have been established as a lien upon the assets of the debtor corporation, subject to a judicial determination in the receivership of the pro-rata value of such as are in the possession of the new bank and subject to the preferential rights of depositors. The cause will be remanded to the district court for decree in harmony with this opinion, and for such further proceedings as may be necessary.
Thus modified, the judgment of the court below is affirmed. —Modified and affirmed.
De GRAFF, C.J., and FAVILLE and VERMILION, JJ., concur.