L. A. ANDREW, Superintendent of Banking, Receiver, Appellee, v. AMERICAN SAVINGS BANK AND TRUST COMPANY.

IN RE CLAIMS NOS. 637 to 645, inclusive, and CLAIM NO. 647; AMERICAN UTILITIES CORPORATION et al., Appellants.

Nos. 42110–42118, 42120.

FEBRUARY 12, 1935.

REHEARING DENIED JULY 17, 1935.

LaMonte Cowles and M. A. Walsh, for appellants.

Lane & Waterman, Jas. W. Bollinger, and A. W. Hamann, for appellee.

ALBERT, J.—The fundamental fact situation in all these claims is fully and fairly set out in the opinion filed in the Riling claim. It is enough for the consideration of the questions we have before us to say that, prior to the 1st of June, 1931, there existed in the city of Davenport two banking institutions, one known as the American Commercial & Savings Bank, the other as the Citizens Trust & Savings Bank, with a third corporation known as the American Trust Company. These corporations may be referred to in further paragraphs of this opinion as the Commercial Bank, the Citizens Bank, and the American Trust Company. Negotiations were instituted between the Commercial Bank and the Citizens Bank for a merger and consolidation, resulting in a contract between the two said banks, the material part of which is set out in the Riling opinion, and the Commercial Bank took over all the assets of the Citizens Bank about that date, and paid for the same with new stock issued by the buying corporation to the stockholders in the Citizens Bank.

Of these ten claimants with whom this opinion deals, two of them (Claim No. 642, Jennie C. Frank, and Claim No. 640, Philomene G. Walsh, Guardian) were ordinary depositors in the Citizens Bank; the other eight claimants held certificates of deposit in the Citizens Bank at the time the same was taken over by the Commercial Bank.

Some of the questions raised and argued by the appellants herein are fully disposed of in the Riling opinion, and will be given no further attention here.

Another point raised by the appellants is that the Commercial Bank having taken over all the assets of the Citizens Bank, the creditors of the Citizens Bank are entitled, in equity, to have any assets of the Citizens Bank, which still remain in the hands of the receiver of the Commercial Bank (under its changed name), sequestered and applied to the payment of these claims.

It is shown by the record that when the plaintiff, Andrew, as receiver, took possession of the assets of the Commercial Bank, there passed into his hands many assets which formerly belonged to the Citizens Bank, in an amount in excess of these claims. The appellants insist, therefore, that they have a right to have the property, or the proceeds thereof, which formerly belonged to the Citizens Bank and is now in the hands of the plaintiff, used for the payment of these claims.

We will not stop here to discuss the question of whether or not what was done by these corporations amounted to a consolidation or a merger. It is our opinion that, so far as the questions involved herein are concerned, there is no difference.

The first time we had this question up for consideration was. in the case of Warfield v. Marshall County Canning Co., 72 Iowa 666, 34 N. W. 467, 2 Am. St. Rep. 263. In that case we varied somewhat from the abstract rule that where one corporation transfers all its assets to another, and thus practically ceases to exist without having paid its debts, the purchasing corporation takes the property subject to an equitable lien or charge in favor of the creditors of the selling corporation. We, in effect, modified this rule in that case to the extent of holding that the doctrine had no application to a sale in the usual course of business to a bona fide purchaser for a full consideration of cash or its equivalent. This is the most that can be claimed for that case.

We next considered this question in the case of Luedecke v. Des Moines Cabinet Co., 140 Iowa 223, 118 N. W. 456, 32 L. R. A. (N. S.) 616. In that case, as in the instant case, the Des Moines Cabinet Company was a corporation organized under the laws of this state, the entire stock being owned by one Hartung. On the 15th of August, 1900, Hartung, as president of that company, sold and transferred to the Wells & Antes Undertaking Company, also an Iowa corporation, all the assets of the cabinet company, the consideration named being $3,500. Instead of cash, Hartung received thirty-five shares of stock of the undertaking company. Plaintiff in that case, having been an employee of the cabinet company, in December, 1900, obtained a judgment for $325. The action was for personal judgment and to subject the property in the hands of the undertaking company which had been received from the cabinet company to the payment of this amount, it being a suit in equity for said purposes. The plaintiff relied on a single proposition:

" * * * That, where one corporation transfers all its assets to another corporation, and thus practically ceases to exist without having paid its debts, the purchasing corporation takes the property subject to an equitable lien or charge in favor of the creditors of the selling corporation, and this without reference to the question of actual fraud."

We there announced several rules which must be applicable in this case, referring to State Trust Co. v. Turner, 111 Iowa 664, 82 N. W. 1029, 53 L. R. A. 136, as a basis for repudiation of the trust fund doctrine as broadly. announced in some of the earlier cases. We considered the Marshall County Canning Co. case, and quoted the United States Supreme Court in Chicago, R. I. & P. Railroad Company v. Howard, 7 Wall. 392, 409, 19 L. Ed. 117:

"Equity regards the property of a corporation as held in trust for the payment of the debts of the corporation, and recognizes the right of creditors to pursue it into whosoever's possession it may be transferred, unless it has passed into the hands of a bona fide purchaser."

We said:

"We do not recognize the trust-fund doctrine to the extent that it has obtained in some of the courts; but are of opinion that corporate creditors are entitled in equity to the payment of their debts before any distribution of corporate property is made among the stockholders, and recognize the right of a creditor of a corporation to follow its assets or property into the hands of anyone *who is not a good-faith holder in the ordinary course of business.*" (Italics ours.)

We then held that the acceptance of stock in the undertaking company, as payment for the assets and stocks of the cabinet company, did not make the first-named a bona fide holder; second, we held that, under the circumstances related, the undertaking company was not a bona fide purchaser for value in the usual course of business; and, third, that the creditor was not bound to follow the stock issued by the buying corporation; and concluded by saying:

"We * * * have come to the conclusion that, while there is no personal liability on the part of the undertaking company as successor in interest to the plaintiff, yet it holds the property re-

ceived from the cabinet company subject to the payment of plaintiff's claim, and that the trial court was right in establishing a lien against it and ordering a sale on special execution."

In Farnsworth v. Muscatine P. & P. I. Co., 177 Iowa 21, 158 N. W. 741, a suit was instituted in equity to establish a lien in favor of a creditor of a corporation on the property of the debtor corporation in the hands of the new corporation to which it was transferred by the stockholders of the old corporation. All the property of the selling corporation was transferred in consideration of stock received by it from the new corporation. We there reviewed the Luedecke case, and said:

"The holding of the court in that case is that a general creditor has not such a lien upon the property of the corporation that he can pursue it in the hands of a bona fide purchaser for a full consideration in cash, or its equivalent; that the true rule is that, where the property passes to one who is not a good faith purchaser in the ordinary course of business, a creditor has an *equitable right to a lien*, which will be enforced by a court of equity, in his favor, against the property in the hands of a purchaser not protected under what is called the modified rule. The holding is that the creditors of a corporation *in a proper case* have an equitable right or lien upon the assets of a corporation, and may pursue this right and have an equitable lien established against the property in the hands of one who is not a good faith purchaser. The rule is recognized that, where one corporation transfers all its assets to another, not in the ordinary course of business, the very circumstances of the case imply full knowledge, on the part of the transferee of all the facts necessary to charge the property in the hands of the purchaser with the debts of the seller; and this is especially true where the purchasing corporation is a product of the ingenuity of the stockholders of the old corporation, who took the property with full knowledge of the right of the plaintiff and transferred it to the new body of their own creation."

In that case the property was bought in at a receiver's sale and a new company organized, and we held:

" * * * that this defendant was not a bona fide purchaser of the property in controversy in the ordinary course of business, and plaintiff is entitled to have an equitable lien, under the facts

disclosed in this case, impressed upon the property in its hands for the payment of her judgment."

The case in many respects is similar in principle to the case at bar.

In the case of Gibson v. American Ry. Express Co., 195 Iowa 1126, 193 N. W. 274, the plaintiff had obtained a judgment against the Adams Express Company, which company was subsequently merged in the American Railway Express Company, pursuant to federal statute. The action was in equity to subject the property in the hands of the buying corporation to the payment of the judgment in favor of the plaintiff against the Adams Express Company. The principle is reaffirmed that one corporation may not purchase and take over all the property and business of another corporation and pay therefor by the issuance of its own corporate stock, and escape liability for the existing debts of the merged corporation, to the extent of the property so taken over.

In the case of German American State Bank v. Farmers & Merchants Savings Bank, 203 Iowa 276, 211 N. W. 386, we recognized this doctrine, and said:

"The doctrine which treats the assets of a corporation as a trust fund for the payment of its creditors has been adopted in this state. [Citing the Luedecke, Farnsworth, and the Marshall County Canning Co. cases.] Nevertheless, corporate assets may be sold and transferred to a purchaser in good faith for full value for cash or its equivalent. Such is the holding of the above-cited cases."

It will be noticed that this statement is not quite accurate in saying that we have adopted the trust fund doctrine, but it still sustains the right of recovery under the given circumstances.

In Hoyt v. Hampe, 206 Iowa 206, 214 N. W. 718, 220 N. W. 45, we again had one angle of this question, and we there stated the rule to be:

"The creditors have (except as against bona fide purchasers) an equitable right in the assets, in the nature of an equitable lien."

It is suggested that we have deflected somewhat from this rule in the case of Garvey v. Bankers Trust Co., 214 Iowa 401, 239 N. W. 518. That was a suit to have an equitable lien impressed upon the assets of a savings bank transferred to a trust company. It does not appear that all of the assets were transferred to the trust com-

pany. It received $100,000 from the trust company for its immediate use. The savings bank was thus not left without assets which could be reached by creditors. The opinion recites:

"The records of the savings bank showed that the account of the plaintiff had been withdrawn some months previously and the account was balanced and closed."

There was no string whatever attached to the use of the $100,000 by the transferring bank.

We think these features distinguish the Garvey case from the other cases heretofore cited.

In the case of Erhard v. Boone State Bank, 65 F. (2d) 48, 59, the Circuit Court of Appeals for this district had before it practically the same question we have in the case at bar. There is an elaborate review of our cases in an opinion written by Judge Kenyon, together with some cases from foreign jurisdictions, and the opinion closes with this statement:

"We are satisfied that under the entire record appellees took the assets of the Farmers Bank [the selling bank] subject to an equity of Genevieve Erhard [the creditor] therein, and that a decree should have been entered as prayed by plaintiff impressing the assets of the Farmers Bank in the hands of the Boone Bank and in the hands of the trustees with such equitable lien as to give to the plaintiff as executor a right to share pro rata with other creditors of the Farmers Bank in these assets."

To one interested in this question, much light is shed on it by the following authorities: Central Imp. Co. v. Cambria Steel Co. (C. C. A.) 201 F. 811, loc. cit. 821; Silver King Coalition Mines Co. v. Silver King Consol. Mining Co. (C. C. A.) 204 F. 166, loc. cit. 175, Ann. Cas. 1918B, 571; First Trust Co. v. Crooked Creek R. & Coal Co. (D. C.) 243 F. 450, loc. cit. 458; Okmulgee Window Glass Co. v. Frink (C. C. A.) 260 F. 159, loc. cit. 162; Cobb v. Interstate Mortg. Corp. (C. C. A.) 20 F. (2d) 786, loc. cit. 789; Guardian Trust Co. v. Kansas City Southern R. Co. (C. C. A.) 28 F. (2d) 233; Hurd v. New York & Commercial Steam Laundry Co., 167 N. Y. 89, 60 N. E. 327; Chicago, R. I. & P. R. Co., v. Howard, 7 Wall. 392, 19 L. Ed. 117.

In most, if not all, of these cases, our case of Luedecke v. Des Moines Cabinet Co., 140 Iowa 223, 118 N. W. 456, 32 L. R. A. (N. S.) 616, is cited as stating the correct rule.

As to the appeals of Philomene G. Walsh (Claim No. 640), Mrs. J. W. Walsh (Claim No. 641), and Jennie C. Frank (Claim No. 642), these people were only ordinary depositors, and it is claimed that a novation occurred as to these claims. It is a fundamental doctrine of novation that when, with the consent of both parties, a new debtor is substituted for the original debtor, it is necessary that the creditor assent to the substitution in order to effect a novation, but the consent may be the legal result of his action or conduct even though he has not either expressly or impliedly agreed thereto. 46 C. J., p. 605, section 47, note 11.

We have studied this record with care and find that as to these three claims there was no novation established, and, therefore, these claims are ruled by what has been heretofore said as to the other claims in the case.

We conclude, therefore, that the claimants herein have an equitable lien upon all the assets in the hands of this receiver that were received by the buying bank from the Citizens Bank, and that they are entitled to share pro rata in said assets or the proceeds thereof. The district court erred, therefore, in refusing these claimants this equitable right.—Reversed.

All Justices concur, except DONEGAN, J., who took no part.