STATE OF IOWA et al., Appellants, v. SIMMER OIL CORPORATION et al., Appellees.

No. 45789.

1042

MARCH 17, 1942.

John M. Rankin, Attorney General, G. H. Clarke, Jr., Special Assistant Attorney General, Bailey C. Webber, and Jordan M. Work, for appellants.

Herman J. Schaefer and Jones & White, for appellees.

SAGER, J.—The record is voluminous and the exhibits many, presenting a cause of some difficulty. But since the case presents matters familiar to the interested parties no good purpose would be served by an extended narrative of the facts.

All of the stock of the Corporation was owned by members of the Simmer family, the principal stockholders being Leonard

and Agnes, who, during most of the time the transactions under scrutiny occurred, were husband and wife. The other stockholders had only nominal holdings and they will have no further attention herein. At the outset it should be said that we concur in the conclusions of fact reached by the trial court. There is little, if any, difference between the parties as to the facts and it is only the legal results which properly follow that were the subject of discussion below and which are before us now.

There were involved ten pieces of real estate and one item of personal property, a truck. With the conclusions of law of the trial court with reference to the title of eight of the parcels of real estate and the truck we fully agree. Some of these parcels were never in the name of the Corporation; and, where its moneys were used to make improvements or payments toward the purchase price, the Corporation was reimbursed in rents or by advances made by appellees Leonard and Agnes Simmer. In none of these transactions do there appear any circumstances about which appellants may rightfully complain. The State of Iowa took judgment against the Corporation on August 29, 1938, for the sum of $1,506.20, and on the same day the other appellant had judgment for $524.32. When the Corporation went into bankruptcy does not appear but the intervener was not appointed trustee until January 5, 1939. He joined in the relief asked for by plaintiffs and joins in this appeal.

Two of the properties were at one time in the name of the Corporation. They are described in the record as "Main and Vine Street—Ottumwa, Iowa, Property" and "Main and Washington Street Building—Simmer Building—Ottumwa, Iowa." As to these we think the trial court was in error. These, we hold, were liable for the unpaid debts of the Corporation, subject to any outstanding mortgages of record. What the equities in these properties are does not appear. The "Main and Vine Street" property was deeded to the Corporation on October 21, 1931. The "Main and Washington Street" property was deeded to it on July 12, 1936. Both deeds were of record, thus affording an apparent basis for credit until July 1, 1937. On that day, without present consideration, the Corporation deeded to appellee Leonard. At the time of the commencement of this action title stood in the name of Agnes Simmer, who acquired such title

by her transfer under circumstances which would not make her a bona fide purchaser. Appellants insist that they are entitled to have these properties subjected to the unpaid debts of the Oil Corporation. Appellees deny, urging that they legally have claim to these properties because transfers were made in satisfaction of money advanced by them to the Corporation; and they say that even though the Corporation deeded to Leonard, president and director, this was a valid legal transaction. The trial court took this view and we think therein erred. It must be admitted that some of our earlier cases tend to support the decision below. Appellees cite the following authorities in support of their contention that a corporation may prefer a creditor even though he be an officer or director:

American Exchange Nat. Bk. v. Ward, 8 Cir., 111 F. 782, 55 L.R.A. 356; Brown v. Grand Rapids Parlor Furn. Co., 6 Cir., 58 F. 286, 22 L.R.A. 817; Rollins v. Shaver Wagon & Carriage Co., 80 Iowa 380, 45 N. W. 1037, 20 Am. St. Rep. 427; Warfield, Howell & Co. v. Marshall County Canning Co., 72 Iowa 666, 34 N. W. 467; Garrett v. Burlington Plow Co., 70 Iowa 697, 29 N. W. 395, 59 Am. Rep. 461; Buell v. Buckingham & Co., 16 Iowa 284, 85 Am. Dec. 516.

These cases do declare generally the right to give such preference, but our later cases, while not overlooking the prior decisions, have limited their apparent scope. In discussing the so-called "trust fund" doctrine, we said in Luedecke v. Des Moines Cabinet Co., 140 Iowa 223, 229, 118 N. W. 456, 458, 32 L.R.A., N.S., 616, 621:

"We do not recognize the trust-fund doctrine to the extent that it has obtained in some of the courts; but are of opinion that corporate creditors are entitled in equity to the payment of their debts before any distribution of corporate property is made among the stockholders, and recognize the right of a creditor of a corporation to follow its assets or property into the hands of anyone who is not a good-faith holder in the ordinary course of business."

Certainly the appellees Simmer are not good-faith holders "in the ordinary course of business." We do not wish to be understood as charging that they were guilty of any actual or inten-

tional fraud. The record excludes this. Agnes Simmer put into this Corporation upwards of $20,000, even mortgaging the homestead to keep the business going. If there be any fraud in the transaction it is in a strictly legal sense and not actual fraud with which we are dealing.

We followed the Luedecke case, supra, in Andrew v. American Sav. Bk. & Tr. Co., 219 Iowa 1059, 258 N. W. 921. See also Bates v. Brooks, 222 Iowa 1128, 270 N. W. 867; Erhard v. Boone State Bank, 8 Cir., 65 F. 2d 48; and West Texas Ref. & Dev. Co. v. Commissioner, 10 Cir., 68 F. 2d 77. Some of these cases deal with transfers of property from one corporation to another. But the principle involved would seem to be the same, if the transfer were from the corporation to individuals, as here. Under the authorities cited, the properties above described should be made subject to the debts held by appellants and other creditors, if any there be.

■ The arguments of parties present another question. It is this: Assuming that one corporate officer may be given security over others, can this be done where the security is given for a pre-existing debt? There is a difference of opinion in the various jurisdictions, some holding that such security or preference may be given only for a contemporaneous loan or advance to the corporation. We think this should be the rule as better calculated to prevent fraud in the management of corporate property. See note to Jackman v. Newbold, 8 Cir., 28 F. 2d 107; 62 A.L.R. 729 at page 738, also references therein contained, and supplemental notes.

■ We turn now to the claim that appellees should be made personally liable. We are satisfied with the ruling of the trial court that they should not be. There was admittedly much laxity in keeping the corporation books. But this is not surprising when it is kept in mind that this was a family affair without outside stockholders. And if it appeared that sometimes the entries were not made as correct bookkeeping would require, the books do, nevertheless, set forth sufficient facts to distinguish the corporate affairs from the private interests of the Simmer family.

Among the expressions in the opinion of the trial court which meet our approval we quote the following:

"Upon the claim of plaintiffs and intervener that the corporation and Leonard Simmer and Agnes Simmer were in fact one entity and that the debts of the corporation should be held to be the debts of Leonard and Agnes Simmer this court does not believe that the evidence would justify such a holding."

Our conclusion is that the trial court was right in its findings and decree except as to the "Main and Vine Street" property and the "Main and Washington Street" property. As to these, any equities there may be above existing mortgages should be applied to the payment of unpaid creditors of the Simmer Oil Corporation.

It follows that the cause must be, and it is, remanded for further proceedings in accordance herewith. Other creditors, if there are any, should be brought in as parties so their interests may be protected. Affirmed in part; reversed in part; and remanded.

·BLISS, C. J., and MITCHELL, GARFIELD, OLIVER, and MILLER, JJ., concur.

WENNERSTRUM, J., takes no part.